UNITED STATES of America,
Plaintiff–Appellee,

v.

Laurie Jane LUTTRELL,
Defendant–Appellant.

UNITED STATES of America,
Plaintiff–Appellee,

v.

William Dale KEGLEY, aka: Bill
Kegley, Defendant–Appellant.

Nos. 87–5303, 87–5310.

United States Court of Appeals,
Ninth Circuit.

Jan. 23, 1991.

Donald B. Marks, Beverly Hills, Cal., for defendant-appellant, Luttrell.

Anthony P. Brooklier, Beverly Hills, Cal., for defendant-appellant, Kegley.

Maurice A. Leiter, Asst. U.S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before GOODWIN, Chief Judge, WALLACE, PREGERSON, ALARCON, CANBY, NORRIS, WIGGINS, BRUNETTI, NOONAN, O'SCANNLAIN, and LEAVY, Circuit Judges.

ORDER

This case was taken en banc on July 19, 1990 and submitted on briefs without oral argument on September 27, 1990. The court now being fully advised, we vacate that part of the three-judge court's opinion which addresses whether the government need have "reasoned grounds" to investigate a particular individual. *See United States v. Luttrell,* 889 F.2d 806, 812–14 (9th Cir.1989). Specifically, that opinion is hereby amended as follows:

On page 807, right column, first paragraph of text of opinion, last sentence, delete "in part, and remand in part." Delete from page 812, right column, the first full paragraph, beginning "In an effort to introduce ..." through page 814, first full paragraph, left column, at the sentence ending "In any event...." On page 814, left column, second full paragraph, delete the sentence beginning "On remand...." On page 814, right column, delete the words "IN PART and REMANDED IN PART."

In partially vacating the three-judge court's opinion, we follow four of our sister circuits in explicitly rejecting a "reasoned grounds" requirement for investigation of an individual under the due process clause. *See United States v. Jenrette,* 744 F.2d 817, 824 (D.C.Cir.) (no constitutional violation where FBI targeted defendant without "reasonable suspicion" of wrongdoing), *cert. denied,* 471 U.S. 1099, 105 S.Ct. 2321, 85 L.Ed.2d 840 (1984); *United States v. Gamble,* 737 F.2d 853, 860 (10th Cir.1984) ("government need not have reasonable suspicion of wrongdoing in order to conduct an undercover investigation"); *United States v. Jannotti,* 673 F.2d 578, 608–09 (3d Cir.1982) (en banc) (rejecting "reasonable basis" test), *cert. denied,* 469 U.S. 880, 105 S.Ct. 243, 83 L.Ed.2d 182 (1984); *United States v. Myers,* 635 F.2d 932, 941 (2d Cir.) (rejecting "reasonable suspicion" requirement), *cert. denied,* 449 U.S. 956, 101 S.Ct. 364, 66 L.Ed.2d 221 (1980).

We have no reason to review the other parts of the three-judge court's opinion.

PREGERSON, Circuit Judge, dissenting:

I dissent from the order vacating the part of the original panel's opinion that requires the government to have reasoned grounds to investigate a particular individual. It is well established that constitutional protection of due process is violated when the government engages in outrageous investigatory conduct. *See United States v. Bogart,* 783 F.2d 1428, 1432 (9th Cir.1986), and cases cited therein. I believe that the category of outrageous government conduct includes instances when the government targets an individual for undercover investigation without reasoned grounds to believe that the particular individual is engaged in or about to engage in criminal activities.

I agree with Judge Dorothy Nelson that rooted in the Bill of Rights are the concepts that criminal investigation must move purposefully and fairly and that individuals have a right to be left alone. In our society, which places paramount importance on personal liberty, the government must have a legitimate reason to infringe upon an individual's freedom who is—by all appearances, and according to all information possessed by the police—innocent.

In the present case there is no indication that the police acted out of any personal animus against the defendants or that the police randomly and arbitrarily targeted the defendants. Rather, an informant chose an acquaintance as the target for the police. Nonetheless, the police should not be allowed to hire informants simply to go out on fishing expeditions to find targets for undercover sting operations. I would remand to the district court to determine from a fully developed record whether the government, through its informant, had obtained information to give it reason to believe that the defendants were likely to engage in criminal activities.