960 F.2d 152
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Carolyn Walker SATURLEY, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 90-16843.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 10, 1991.
Decided Feb. 21, 1992.
 
 Before WILLIAM A. NORRIS, BEEZER and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The appellant, Carolyn Saturley, was found guilty of two counts of possession with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1) and 841(b)(B)(vii) and with conspiracy to distribute marijuana in violation of 21 U.S.C. § 846. On appeal, we affirmed her conviction in a memorandum disposition. United States v. Saturley, Nos. 88-1496 and 88-1499 (9th Cir. Nov. 30, 1989). A year later, represented by new counsel, Saturley moved to vacate the judgment and sentence pursuant to 28 U.S.C. § 2255. She claimed that: (1) the government was guilty of "outrageous conduct" by targeting her for prosecution because it had no reasoned grounds to approach her and; (2) her trial attorney rendered ineffective assistance of counsel by failing to question her on evidence of entrapment. The district court denied the motion and Saturley appeals.
 
 
 3
 We review de novo the district court's decision to deny a petition for a writ of habeas corpus. Campbell v. Kincheloe, 829 F.2d 1453, 1457 (9th Cir.1987), cert. denied, 488 U.S. 948 (1988).
 
 Outrageous Government Conduct
 
 4
 Whether the government had reasoned grounds for approaching Saturley is governed by this court's decision in U.S. v. Luttrell, 923 F.2d 764, 764 (9th Cir.1991) (en banc). Luttrell rejects a " 'reasoned grounds' requirement for investigation of an individual under the due process clause." Id. Luttrell is the law of this circuit even though the Supreme Court recently granted certiorari in a similar en banc decision from another circuit. See U.S. v. Jacobsen, 916 F.2d 467 (8th Cir.1990) (en banc), cert. granted in part, 111 S.Ct. 1618 (1991). Saturley admits she has no claim under the current law in this circuit.
 
 Ineffective Assistance of Counsel
 
 5
 Saturley claims her trial counsel was ineffective because she failed to examine Saturley on the issue of whether the informant entrapped Saturley. Saturley claims "in fact such evidence could have been provided by Ms. Saturley had she been asked about it by her counsel."
 
 
 6
 For claims of ineffective assistance of counsel, the defendant must demonstrate that: (1) counsel's acts or omissions were "outside the wide range of professionally competent assistance," Strickland v. Washington, 466 U.S. 668, 687-690 (1984), and (2) counsel's deficient performance prejudiced the defense; that is, that counsel's errors were "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id. at 687.
 
 
 7
 In Saturley's previous appeal, we agreed that it was proper to refuse instruction on entrapment:
 
 
 8
 As the evidence demonstrates, Saturley associated with people involved in drugs, expressed her desire to arrange a safe place for the drug deal, and exhibited enthusiasm and confidence about the deal. When the deal looked as if it would not take place, she allegedly told the [DEA] agent that " 'if this didn't go through ... she had a better connection.' " In sum, Saturley failed to provide sufficient evidence of entrapment to justify an instruction on the defense. As the district judge noted during the charging conference, Saturley had the opportunity during her testimony to describe how [the informant] had urged her to become involved in the drug deal, but " 'she never said it. And, obviously, it wasn't [at his urging], or she would have testified to it.' "
 
 
 9
 Memorandum Disposition, Nos. 88-1496 and 88-1499, at 3 (citation to record omitted).
 
 
 10
 In response to the last sentence, Saturley offers new testimony that she was urged to allow her house to be used for the drug deal by the informant. At a hearing on the matter, her trial attorney testified:
 
 
 11
 Q. Did you have any discussions with her or any recollection of whether she told you that [the informant] had asked her more than once to allow her house to be used?
 
 
 12
 A. Yes, I believe he did.
 
 
 13
 Q. And did she tell--did Ms. Saturley tell you that Mr.--that she told [the informant], no, on more than one occasion?
 
 
 14
 A. Yes.
 
 
 15
 Q. And did she also tell you that [the informant] kept after her until she finally said, yes?
 
 
 16
 A. He asked her several times is the impression that I had gotten, that he continued to ask.
 
 
 17
 Q. Until she eventually agreed?
 
 
 18
 A. Yes.
 
 
 19
 Q. But that she said, no, on more than one occasion?
 
 
 20
 A. Yes.
 
 Saturley also testified:
 
 21
 Q. If you had been asked how many times the informer Cannon had asked you to use your home for the marijuana deal before March 12, 1988, which would have been the date Thomas Pablo had been shot, what would the answer have been?
 
 
 22
 A. At least four or five or six.
 
 
 23
 Q. If you had been asked the question at the trial did you refuse each time prior to the 12th, the date Pable was shot, what would your answer have been?
 
 
 24
 A. Yes, I did refuse.
 
 
 25
 Q. Each and every time?
 
 
 26
 A. Each time.
 
 
 27
 Q. If you had been asked at trial what kind of things did Cannon tell you to try to get you to agree to get involved in this marijuana deal, what answers would you have given at the trial?
 
 
 28
 ....
 
 
 29
 A. Mr. Cannon had been asked to leave my home the same night that Tom Nelson had left, and he told us that he couldn't; that he didn't have any money; that we would make money off his marijuana deal; that my home was the perfect location because of privacy and just accessibility, I guess.
 
 
 30
 ....
 
 
 31
 Q. If you had been asked would Mr. Cannon take "no" for an answer, what would you have said?
 
 
 32
 A. He would not take "no" for an answer.
 
 
 33
 The urging here pertained to the location of the drug deal, not to the drug deal itself. There is a reference to "get [Saturley] to agree to get involved in this marijuana deal" but that reference is imprecise compared to the discussion of its desired location. All this evidence shows is that Saturley initially refused to permit her residence to be used for the criminal act.
 
 
 34
 Entrapment is not supported if there is evidence of a predisposition to commit the crime. United States v. Hoyt, 879 F.2d 505, 509-10 (9th Cir.1989), amended on other grounds, 888 F.2d 1257 (9th Cir.1989). When the new testimony regarding location is coupled with the trial testimony showing Saturley's predisposition, any issue of fact created with respect to entrapment is so remote that Strickland's requirement of prejudice is not satisfied. See Hoyt, 879 F.2d at 509 (when a record shows substantial evidence of a predisposition to deal in drugs, entrapment is not shown).
 
 
 35
 Any omission by counsel did not prejudice the defense.
 
 
 36
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3