972 F.2d 1346
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Appellee,
v.
Gary Hugh ORTON, Appellant.
 No. 91-30045.
 United States Court of Appeals, Ninth Circuit.
 Argued Nov. 5, 1991.
Submission deferred Nov. 5, 1991.
Submitted April 6, 1992.
Decided July 16, 1992.
 
 Before: KILKENNY, TANG and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Gary Orton appeals from his conviction on two counts of mailing child pornography, arguing that he was denied due process when the trial court failed to dismiss the indictment against him based on outrageous governmental conduct and/or entrapment as a matter of law. Orton also contends that the district court erred by sentencing him at a level higher than what had been recommended in the presentence investigative report ("PSI"). We reject these arguments and affirm both the conviction and sentence.
 
 I. Outrageous Governmental Conduct
 
 3
 "In order to violate due process, governmental conduct must be so grossly shocking and so outrageous as to violate the universal sense of justice." United States v. Hart, Nos. 91-30182 & 91-30254, slip op. 5319, 5331-32 (CA9 May 7, 1992) (citation and internal quotations omitted). The government's conduct, as exemplified by the actions of undercover agents "Julie" and "Erica", does not reveal anything "grossly shocking" that would "violate the universal sense of justice" and therefore fails to rise to the level of a due process violation. See id. at 5332. The district court did not err by rejecting Orton's defense of outrageous governmental conduct. See id.
 
 II. Entrapment as a Matter of Law
 
 4
 Unlike the situation in Jacobson v. United States, 503 U.S. ----, 112 S.Ct. 1535 (1992), Orton's predisposition to commit the crimes charged clearly existed prior to any government contact with him. The record shows that Orton already possessed child pornography; his responses to the undercover agents' inquiries were, as the district court noted, "enthusiastic"; he expressed a willingness to develop more such photographs for the two agents; and he readily mailed photos to the agents upon request. Accordingly, we find no error in the district court's ruling on this point, either. See Hart, slip op. at 5331. Accord, United States v. Luttrell, 923 F.2d 764, 764 (CA9 1991) (in banc), cert. denied, 503 U.S. ----, 112 S.Ct. 1558 (1992).
 
 III. Sentencing
 
 5
 The district court rejected the PSI's calculation of a twelve-to-eighteen month sentencing range and instead sentenced Orton to concurrent prison terms of forty and thirty-seven months, respectively, based on its determination that Orton failed to accept responsibility for his conduct, he attempted to obstruct justice during his trial, he used a special skill in committing the offenses charged, and his crimes should not be grouped together. Each of these will be addressed in turn.
 
 A. Acceptance of Responsibility
 
 6
 A defendant is entitled to a two-point reduction in his offense level if he "clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct". U.S.S.G. § 3E1.1 (Nov. 1989). The district court found that Orton had neither demonstrated a recognition of his criminal conduct nor affirmatively accepted personal responsibility therefor. Although the court failed to point to specific facts in the record in support of its finding on this point, our examination of the record shows that Orton's untruths, implausible excuses and attempts at self-justification demonstrate that the court's finding on this point was not without foundation and therefore not clearly erroneous. See United States v. Aichele, 941 F.2d 761, 767 (CA9 1991).
 
 B. Obstruction of Justice
 
 7
 A defendant who "willfully impede[s] or obstruct[s], or attempt[s] to impede or obstruct the administration of justice during [his] ... prosecution" is subject to a two-level increase in his offense level. U.S.S.G. § 3C1.1 (Nov. 1989). Testifying untruthfully at trial constitutes a willful obstruction of justice for purposes of this section. United States v. Torres-Rodriguez, 930 F.2d 1375, 1389 (CA9 1991) (as amended).
 
 
 8
 Because Orton's defense turned on his purported lack of a predisposition to commit the offenses charged, his obviously false statements concerning, e.g., his stated reasons for developing child pornography photos, support the district court's conclusion that much of Orton's story was "false and pure fantasy". See United States v. Barbosa, 906 F.2d 1366, 1369 (CA9), cert. denied, 498 U.S. ----, 111 S.Ct. 394 (1990). Accordingly, the district court did not err in granting a two-level upward adjustment for willful obstruction of justice.
 
 C. Use of Special Skill
 
 9
 A defendant who "use[s] a special skill, in a manner that significantly facilitate[s] the commission ... of the offense" is subject to a two-level upward adjustment in his offense level. U.S.S.G. § 3B1.3 (Nov. 1989). Orton's admitted use of his skills as a photo developer to make prints of nude minors for mailing to "Julie" and "Erica" significantly facilitated the crimes with which he had been charged, since he would have had nothing to mail but for his special photo developing skills. Accordingly, the district court did not err in ruling as it did on this issue. Cf. United States v. Foreman, 926 F.2d 792, 796 (CA9 1991) (as amended).
 
 D. Grouping the Crimes Charged
 
 10
 U.S.S.G. § 3D1.2 requires a district court to group closely-related counts, i.e., those "involving substantially the same harm," into a single combined offense level. United States v. Barron-Rivera, 922 F.2d 549, 554 (CA9 1991). The Commentary to section 3D1.2 states that "[c]ounts involving different victims (or societal harms in the case of 'victimless crimes') are grouped together only as provided in subsection (c) or (d)." U.S.S.G. § 3D1.2, comment. (backg'd.) (Nov. 1989) (emphasis added). As neither subsection (c) nor (d) appear to be applicable to the facts of this appeal, the district court did not err in refusing to group Orton's charges.
 
 
 11
 AFFIRMED.
 
 
 
 *
 This disposition is not suitable for publication and may not be cited to or by the courts of this Circuit except as provided by CA9 Rule 36-3