978 F.2d 1266
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Javier Reza IBARRA, Defendant-Appellant.
 No. 90-50140.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 2, 1992.*
Decided Nov. 10, 1992.
 
 Before D.W. NELSON, CYNTHIA HOLCOMB HALL and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Javier Reza Ibarra appeals his conviction of conspiracy to manufacture counterfeit currency in violation of 18 U.S.C. § 371, and aiding and abetting the manufacture of a plate for printing counterfeit currency in violation of 18 U.S.C. §§ 2(a), 474. Ibarra's defense at trial was entrapment. The district court gave the jury the standard entrapment instruction, as well as an undercover agent instruction, which informs the jury that the government is permitted to use undercover agents in its criminal investigations in certain circumstances. Ibarra contends that the district court erred by giving the jury the undercover agent instruction pursuant to United States v. North, 746 F.2d 627 (9th Cir.1984), cert. denied, 470 U.S. 1058 (1985), and by limiting cross-examination of a government witness. We reject Ibarra's arguments, and therefore affirm his conviction.
 
 I.
 
 3
 Ibarra first argues that the district court erred by giving the undercover agent instruction because the government did not establish at trial that Ibarra and his co-conspirators were already engaged in counterfeiting operations when the government began its investigation of them. Ibarra offers no legal authority to support his proposition that the government bore such a burden at trial, nor for his suggestion that the North instruction should be used only when the targets of an investigation were already engaged in criminal activity.
 
 
 4
 We reject Ibarra's suggestion that we should review this question de novo. His assertion that conflict exists within Ninth Circuit case law on the standard of review for a district court's formulation of jury instructions is incorrect. We review for abuse of discretion challenges to jury instructions that were actually given.[1] United States v. Armstrong, 909 F.2d 1238, 1243 (9th Cir.), cert. denied, 111 S.Ct. 191 (1990).
 
 
 5
 Ibarra asserts that the district court improperly gave the North undercover agent instruction here because this case is factually distinct from North. He contends that North is distinguishable because it was claimed in that case that for a period of time ending two years before the government began investigating him North had sold large quantities of LSD, and because the claim of prior drug dealing "was at the core" of the instruction. However, the court in North merely stated that "North may or may not have sold large quantities of LSD ... in 1978 to 1980." 746 F.2d at 628 (emphasis added). Thus, the fact of North's criminal activity prior to the challenged investigation does not appear to have been established at trial, nor is there any indication that it was pertinent to the court's holding that the instruction was proper. In addition, the suggestion of prior drug dealing in North does not seem materially different from the evidence presented in this case that Ibarra and his co-conspirators had engaged in counterfeiting before the government's investigation of them.
 
 
 6
 Furthermore, North is contrary to Ibarra's implicit suggestion that the undercover agent instruction undermined his entrapment defense--the only defense he presented at trial.[2] The panel in North held that the undercover agent instruction did not infringe on North's entrapment defense because the instruction was expressly conditioned on lack of entrapment. North, 746 F.2d at 631. The instruction states that law enforcement officials may engage in various undercover activities "provided that they merely afford opportunities or facilities for the commission of the offense by one predisposed or ready to commit it." Id. Thus, to the extent that this instruction might affect a jury's consideration of a defendant's predisposition, it does not imply a conclusion one way or another.
 
 
 7
 Ibarra also argues that the evidence at trial did not support the undercover agent instruction because the government did not offer any evidence that Ibarra was suspected of counterfeiting before the undercover investigation at issue began. Ibarra provides no legal authority for the proposition that the government was required to offer such evidence. Furthermore, case law suggests that no such requirement could exist, because the government is not required to reasonably suspect an individual of wrongdoing before targeting that individual for investigation. United States v. Luttrell, 923 F.2d 764 (9th Cir.1991) (en banc) (Ninth Circuit explicitly rejects "reasoned grounds" requirement for investigation of an individual under the due process clause), cert. denied, Kegley v. United States, 112 S.Ct. 1558 (1992).
 
 
 8
 Consequently, we conclude that the district court did not abuse its discretion by giving the North instruction.
 
 II.
 
 9
 Ibarra's second argument is that the district court deprived him of his constitutional right to confront his accusers when it restricted his cross-examination of Ignacio Martinez, a government witness. During cross-examination of Martinez, however, the district court reversed its initial ruling and permitted the defense to question Martinez on all requested subjects, including the narcotics aspect of Martinez' arrest. Thus, this issue is moot. See United States v. Pace, 833 F.2d 1307, 1313 (9th Cir.1987), cert. denied, 486 U.S. 1011 (1988). In any event, Ibarra does not explain how this mid-stream reversal could possibly have damaged his defense. He was permitted to cross-examine Martinez fully, and could have called Agent Lipscomb to testify on the narcotics aspect of Martinez' arrest, but did not do so. Ibarra claims that he was denied the dramatic impact of presenting in his opening statement information about Martinez' connection to narcotics, but even were this dubious assertion correct, neither the constitution nor case law supports a right to dramatic impact.
 
 
 10
 The decision of the district court is AFFIRMED.
 
 
 
 *
 This panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The intra-circuit conflict that does appear to exist is on the question of the proper standard of review for challenges to district court refusals to give proposed jury instructions
 
 
 [2]
 Ibarra does not actually explain why he objects to the jury instruction, he merely states that it erroneously implies that he was already engaged in criminal activity when the investigation began. Presumably, however, his theory is that this asserted implication undercut his argument that he was not predisposed to commit the offense, and therefore undermined his entrapment defense. Because we otherwise have sufficient grounds for affirming his conviction, we need not consider the fact that Ibarra probably was not even entitled to an entrapment defense, because he did not deal directly with any government agents. See United States v. Emmert, 829 F.2d 805, 808-809 (9th Cir.1987) (Ninth Circuit has rejected derivative entrapment defense)