993 F.2d 885
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ositadima IGBO, and Phillip Chukwurah, Defendants-Appellants.
 Nos. 90-50406, 91-50027.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 2, 1993.
Decided May 18, 1993.
 
 Appeal from the United States District Court for the Central District of California, No. CR-89-0472-AAH; A. Andrew Hauk, District Judge, Presiding.
 C.D.Cal.
 AFFIRMED.
 Before: BROWNING, HUG, and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellants Phillip Chukwurah and Ositadima Igbo challenge their convictions for conspiracy to distribute heroin and cocaine in violation of 21 U.S.C. §§ 846 and 841(a)(1), distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1), and possession of heroin with intent to distribute in violation of 21 U.S.C. § 841(a)(1). The district court had jurisdiction pursuant to 18 U.S.C. § 3231. We exercise jurisdiction over these timely appeals pursuant to 28 U.S.C. § 1291. We affirm.
 
 I.
 
 3
 Appellants contend that Los Angeles Sheriff's Department Task Force Officer (TFO) Larry Swanson misrepresented the reliability of the confidential informant (CI) as well as the facts underlying the events at the Walnut location on May 12, 1989, in the affidavit submitted in support of the request for a warrant to search the Walnut location. Consequently, they argue, the district court should have granted their request for a Franks hearing. We review the district court's refusal to conduct such a hearing de novo. United States v. Homick, 964 F.2d 899, 904 (9th Cir.1992); United States v. Motz, 936 F.2d 1021, 1024 (9th Cir.1991).
 
 
 4
 Contrary to appellants' contention, TFO Swanson did not assert that the CI had testified in 10 successful state court cases. Rather, he stated that the CI had "provided information in excess of ten occasions," that this information had led to "numerous " arrests and seizures, and that the arrests and seizures resulted in some unstated number of "successful filings" and "several " arrests. Although TFO Swanson's affidavit could have been more specific, it did not misrepresent the assistance provided by the CI.
 
 
 5
 It might have been prudent for TFO Swanson to provide the judge who issued the search warrant with a copy of the CI's rap sheet. See United States v. Miller, 753 F.2d 1475, 1478 (9th Cir.1985). However, there is no evidence to suggest that TFO Swanson intentionally or recklessly withheld the information in an effort to bolster the CI's credibility. See id. ("It might have been prudent for the federal agents to check on [the CI's] background and criminal record, but their failure to do so is not reckless disregard.")
 
 
 6
 Although the various reports of the events at the Walnut location on May 12, 1989 do contain some inconsistencies, the inconsistencies appear to be the result of negligence and nothing more. "Allegations of negligence or innocent mistake are insufficient" to warrant the hearing requested by appellants. Franks v. Delaware, 438 U.S. 154, 171 (1978).
 
 
 7
 Apart from the inconsistencies noted in their briefs, appellants rely solely on their own affidavits to justify their request for a Franks hearing. They assert that the heroin negotiations described in TFO Swanson's affidavit simply did not take place. Mere self-serving statements do not satisfy the Franks requirement of a "substantial preliminary showing" that the affiant, TFO Swanson, knowingly and intentionally, or with reckless disregard for the truth, included a false statement in his affidavit. See id. at 155; United States v. Figueroa, 750 F.2d 232, 237 (2d Cir.1984); United States v. McDonald, 723 F.2d 1288, 1293-94 (7th Cir.1983), cert. denied, 466 U.S. 977 (1984); compare United States v. Johns, 851 F.2d 1131, 1134 (9th Cir.1988) (defendants' assertion that they did not engage in criminal activities bolstered by expert witnesses who swore officer's affidavit was necessarily false because of scientific impossibility).
 
 
 8
 Moreover, appellants' contention that there were no heroin negotiations attacks the truth of the CI's version of the events, not the truth of TFO Swanson's statements. "The deliberate falsity or reckless disregard whose impeachment is permitted today is only that of the affiant, not of any nongovernmental informant." Franks, 438 U.S. at 171; see United States v. Perdomo, 800 F.2d 916, 921 (9th Cir.1986).
 
 
 9
 Even if we agreed with appellants that the noted inconsistencies amounted to false statements or omissions that resulted from the deliberate or reckless actions of TFO Swanson and, therefore, eliminated them from the affidavit, the remainder of the affidavit would still support a finding of probable cause. See United States v. Dicesare, 765 F.2d 890, 895 (9th Cir.), amended, 777 F.2d 543 (1985). The affidavit would still contain the CI's statements that he knew two men who sold cocaine and heroin from the Walnut location, that Agent Jordan purchased a quantity of rock cocaine from them on May 2, and that the CI observed a substance resembling heroin at the Walnut location. "[I]f, when material that is the subject of the alleged falsity or reckless disregard is set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause, no hearing is required." Franks, 438 U.S. at 171-72.
 
 
 10
 Appellants failed to make a substantial preliminary showing that the affiant, TFO Swanson, deliberately or recklessly included false statements in or omitted pertinent facts from the affidavit submitted in support of the search warrant. Even without the statements in question, the affidavit supports a finding of probable cause. Thus, we conclude that the district court did not err in denying appellants' request for a Franks hearing.
 
 II.
 
 11
 Appellants argue that the district court abused its discretion by admitting the rock cocaine because there was an insufficient showing of chain of custody. We review the district court's admission of evidence for an abuse of discretion. United States v. Harrington, 923 F.2d 1371, 1374 (9th Cir.), cert. denied, 112 S.Ct. 164 (1991).
 
 
 12
 First, appellants assert that the rock cocaine was improperly admitted because there was a discrepancy as to the date that the cocaine was seized. However, any discrepancy concerning the date of the seizure goes to the weight given to the evidence, not to its admissibility. See United States v. Robinson, 967 F.2d 287, 291-92 (9th Cir.1992).
 
 
 13
 Second, appellants maintain that Special Agent Joel Jordan tampered with the cocaine. "[I]n the absence of any evidence of tampering, a presumption exists that public officers 'properly discharge[ ] their official duties.' " Harrington, 923 F.2d at 1374 (quoting Gallego v. United States, 276 F.2d 914, 917 (9th Cir.1960)). Appellants offered no evidence at trial that Agent Jordan or anyone else had tampered with the contraband. They based their argument entirely upon speculation. "Merely raising the possibility of tampering is not sufficient to render evidence inadmissible." Id.
 
 
 14
 Moreover, we note that the cocaine was in a sealed package with Agent Jordan's name on it when the DEA laboratory received it. The package's condition adequately indicated that the package contained the cocaine seized by Agent Jordan. Consequently, the district judge did not abuse his discretion in admitting the rock cocaine.
 
 III.
 
 15
 Appellants assert that the prosecutor improperly vouched for Agent Jordan by twice stating that the agent had made a mistake in his testimony. Because the record indicates that the appellants failed to object to the prosecutor's alleged vouching during the trial, we review appellants' contention for plain error. See United States v. Wallace, 848 F.2d 1464, 1473 (9th Cir.1988).
 
 
 16
 Appellants take issue with the fact that the prosecutor told the district judge that Agent Jordan made a mistake in labeling the rock cocaine evidence by marking the wrong date on the label. As the Government notes and the record confirms, the jurors were not in the courtroom when the prosecutor made this statement because they had been excused for the lunch recess. The prosecutor's statement could not have had a serious effect on the fairness of the trial because the jury did not even hear it.
 
 
 17
 In addition, appellants attack the prosecutor's response to the district court's question concerning the discrepancy in the testimony about how the rock cocaine was delivered to the DEA laboratory. The prosecutor's statement that Agent Jordan was mistaken did not constitute vouching; the statement indicated that the agent's testimony was inaccurate.
 
 
 18
 In an effort to bolster their argument, appellants look to United States v. Simtob, 901 F.2d 799 (9th Cir.1990), wherein we held that an "eleventh-hour offer of immunity was laden with [the] ... potential for prejudice." Id. at 806. No such antics occurred in this case; the prosecutor simply responded to the district court's inquiry. Simtob is readily distinguishable.
 
 
 19
 Immediately after the prosecutor made the statement at issue, the district court instructed the jury that the attorneys' statements are not to be considered as evidence in the trial. Consequently, any prejudice which might have resulted from the prosecutor's statement was cured by the district court's instruction. See United States v. Lopez-Alvarez, 970 F.2d 583, 598 (9th Cir.), cert. denied, 113 S.Ct. 504 (1992).
 
 IV.
 
 20
 Appellants assert that what was alleged in the indictment differed from what was proved at trial in two significant ways: (1) the date in the indictment upon which appellants allegedly possessed rock cocaine and engaged in preliminary heroin negotiations differed from the date of such offenses proved at trial; and (2) the indictment charged appellants with conspiracy to distribute both heroin and cocaine, but the evidence was limited to conspiracy to distribute heroin. We will reverse appellants' convictions only "if the variance between the indictment and the proof affect[ed] the substantial rights of the parties." See United States v. Kenny, 645 F.2d 1323, 1334 (9th Cir.) (quoting United States v. Friedman, 593 F.2d 109, 116 (9th Cir.1979)), cert. denied, 452 U.S. 920 (1981).
 
 
 21
 The date of the first drug transaction alleged in the indictment, "on or about May 2," is not inconsistent with the date proved at trial, May 1. Moreover, there is no indication that appellants failed to receive sufficient notice of the charges against them such that they were unable to prepare a defense. See United States v. Laykin, 886 F.2d 1534, 1542 (9th Cir.1989), cert. denied, 496 U.S. 905 (1990). Finally, the evidence of a drug transaction on May 1 does not raise a " 'genuine possibility of jury confusion' that could have resulted in conviction for a conspiracy not specified in the indictment." See United States v. Paris, 827 F.2d 395, 402 (9th Cir.1987) (quoting United States v. Echeverry, 719 F.2d 974, 975 (9th Cir.), modifying 698 F.2d 375 (9th Cir.1983)).
 
 
 22
 Because the Government alleged that appellants conspired to distribute both heroin and cocaine but offered evidence of a conspiracy to distribute only heroin, appellants contend that the jury should have been given a specific unanimity instruction. Appellants failed to request a specific unanimity instruction or object to the district court's general instruction at trial. Therefore, we will reverse only if the district court committed plain error in instructing the jury. See United States v. Castro, 887 F.2d 988, 992 (9th Cir.1989).
 
 
 23
 Our decision in Castro controls this question. There, we observed:
 
 
 24
 When an indictment includes a single conspiracy count conjunctively alleging multiple offenses, a jury may convict by finding a conspiracy to commit any or all of the conjunctive acts alleged. A unanimity instruction as to the particular objects of a charged conspiracy is appropriate "where it appears that a conviction might rest upon different jurors having found the existence of different facts ... where the complex nature of the evidence, a discrepancy between the evidence and the indictment, or some other particular factor creates a genuine possibility of juror confusion."
 
 
 25
 Id. at 993 (citations omitted).
 
 
 26
 In Castro, we held that the trial court's failure to give a specific unanimity instruction was not plain error after considering a variety of factors also present in this case. See id. at 993-94. The evidence presented was not complex and revealed only one conspiracy. The jury did not request any additional instructions on the objects of the conspiracy. There was no discrepancy between the indictment and the evidence. The jury convicted both appellants of a substantive offense--here, possession with intent to distribute heroin--set out in the conspiracy count as an object of the conspiracy. The district court gave a general unanimity instruction. See id. at 993. Thus, the district court's failure to give a specific unanimity instruction in this case did not constitute plain error.
 
 V.
 
 27
 Appellants argue that the Government produced no evidence that they had either actual or constructive possession of the pager or the scale and, therefore, the district court should not have admitted them into evidence. Appellants add that the scale was not relevant evidence because it is not the kind of scale used by drug traffickers.
 
 
 28
 The Government need not prove that appellants possessed the pager and the scale for them to be admissible because possession of these items is not an element of any of the offenses for which appellants were convicted. Compare United States v. Rodriguez, 761 F.2d 1339, 1340 (9th Cir.1985) (To support conviction for possession of counterfeit currency with intent to defraud, Government had to prove defendants possessed counterfeit currency). The Government need only prove that the items constituted relevant evidence. Thus, we review the district court's decision to admit the items for an abuse of discretion. United States v. Schaff, 948 F.2d 501, 505 (9th Cir.1991).
 
 
 29
 "Because scales constitute one of the tools of the drug trade, they are probative of intent to distribute." United States v. Savinovich, 845 F.2d 834, 837 (9th Cir.), cert. denied, 488 U.S. 943 (1988). Accordingly, the scales found on the table with the heroin at the Walnut location were admissible to prove intent to distribute, not just to possess contraband. See id.
 
 
 30
 The Government presented the testimony of Agent Jordan that pagers are commonly used by drug dealers. Pagers also are probative of intent to distribute. Thus, the district court did not abuse its discretion in admitting the pager and the scale into evidence.
 
 VI.
 
 31
 Appellants assert that the evidence presented was insufficient to support their convictions. There is sufficient evidence to support a conviction if, " 'after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " United States v. Bishop, 959 F.2d 820, 829 (9th Cir.1992) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)).
 
 
 32
 Appellants contend that their convictions for conspiracy to distribute heroin must be reversed because the evidence of each overt act was insufficient. The essential elements of conspiracy are " 'an agreement to accomplish an illegal objective coupled with one or more overt acts in furtherance of the illegal purpose and the requisite intent necessary to commit the underlying substantive offense.' " Castro, 887 F.2d at 994 (quoting United States v. Melchor-Lopez, 627 F.2d 886, 890 (9th Cir.1980)).
 
 
 33
 There was ample evidence that appellants conspired to distribute heroin. Most notably, the Government presented evidence that on May 12, 1989, Agent Jordan and the CI negotiated the purchase of four ounces of heroin from Appellant Chukwurah and codefendant Penes and observed a plastic bag containing a substance resembling heroin at the Walnut location. On May 15, Appellant Igbo also was present at the Walnut location and retrieved a newspaper wherein plastic baggies filled with a substance resembling heroin were wrapped. The evidence of these overt acts is sufficient to prove that both appellants were involved in the conspiracy to distribute heroin.
 
 
 34
 It is true that the third overt act alleged in the indictment, that on or about May 15, all three of the defendants negotiated to sell Agent Jordan two kilograms of cocaine, was not supported by the evidence. However, the Government was required to prove only one of the overt acts alleged in the indictment to show the conspiracy. See United States v. Luttrell, 889 F.2d 806, 809 (9th Cir.1989), amended on other grounds, 923 F.2d 764 (9th Cir.1991), cert. denied, 112 S.Ct. 1558 (1992).
 
 
 35
 Appellants also challenge the sufficiency of the evidence to support the distribution of cocaine base charge. Specifically, they assert that the Government presented no competent evidence that appellants exercised control over the cocaine or that the transaction occurred on the date alleged.
 
 
 36
 Again, the evidence was sufficient. Agent Jordan testified that both appellants were present during the May 1 transaction, discussion of cost, and counting out of the money. In addition, Agent Jordan testified that he observed both appellants converting the cocaine powder into rock cocaine after which Appellant Chukwurah packaged the cocaine and gave it to the agent. A DEA forensic chemist testified that he tested the substance and determined that it was 88 percent cocaine base. Appellants' arguments concerning their possession and control of the cocaine and the date of the transaction, both discussed above, do not render this evidence insufficient to sustain appellants' convictions.
 
 
 37
 Finally, appellants contend that the possession with intent to distribute heroin charge was not supported by the evidence because they were merely present at the Walnut location when the heroin was seized. The evidence shows that both appellants exercised some control over the contraband; Appellant Igbo left the Walnut location and returned with a newspaper in which the heroin was wrapped, and Appellant Chukwurah unwrapped the newspaper to expose the drug to Agent Jordan. Moreover, both appellants were present during the negotiations and transaction. Based on this evidence, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.
 
 
 38
 The convictions of both appellants on all three counts are AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3