111 F.3d 139
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Charlot E. THICKSTUN; John Nazaroff, Defendants-Appellants.
 Nos. 96-30029, 96-30039.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 3, 1997.
Decided April 3, 1997.
 
 Before: WRIGHT, WALLACE and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 John Nazaroff and Charlot Thickstun appeal their convictions and sentences for bribery of a public official, 18 U.S.C. § 201. We have jurisdiction under 28 U.S.C. § 1291 and affirm.[1]
 
 I. Entrapment as a Matter of Law
 
 3
 A jury convicted Nazaroff of bribing an IRS agent to erase his tax liabilities. It rejected his entrapment defense. He argues that he was entrapped as a matter of law and that his conviction must be reversed. We review de novo. United States v. Davis, 36 F.3d 1424, 1430 (9th Cir.1994).
 
 
 4
 The entrapment defense has two elements: (1) government inducement of the crime and (2) the absence of predisposition on the defendant's part. Id. Our review focuses on predisposition, which the government bore the burden to prove at trial. We may reverse only if the evidence, viewed in the light most favorable to the government, could not permit a reasonable jury to find predisposition beyond a reasonable doubt. United States v. Hart, 963 F.2d 1278, 1283 (9th Cir.1992).
 
 
 5
 Five factors show predisposition: (1) the defendant's character and reputation; (2) whether the government initially suggested the criminal activity; (3) whether the defendant engaged in the activity for profit; (4) whether the defendant showed any reluctance; and (5) the nature of the government's inducement. United States v. McClelland, 72 F.3d 717, 722 (9th Cir.1995). The defendant's reluctance is the most important factor. Id.
 
 
 6
 None of the factors contradicts the jury's finding. Nazaroff's history of tax evasion shows a character predisposed to violate the law in order to avoid financial accountability. Although he successfully moved to conceal from the jury the full extent of his deception, his tax evasion was in evidence.
 
 
 7
 Agent Hysom testified that Nazaroff initiated the bribe when they met to discuss fraud penalties. Nazaroff never contradicted this account, and Hysom countered his attempts to impeach it with explanations that the jury could have believed. Hysom's credibility is no longer subject to attack. The jury could believe that Nazaroff initiated the bribe when he offered Agent Hysom a modeling job. The offer was ambiguous, but again, the jury could conclude that it was a bribe overture.
 
 
 8
 Nazaroff does not dispute that he engaged in the activity for profit.
 
 
 9
 More significantly, he showed no reluctance. On the contrary, he said that the illegal erasure of his tax liability would "be really great, yeah." He was a firm negotiator as well, making the "agreement" contingent on the complete elimination of his tax liability and the assurance that "nothin' goes bad down the line."
 
 
 10
 It is difficult to see any inducement at all when one views the evidence in the light most favorable to the government. It is true that Nazaroff could not have bribed a public official without some cooperation from that official, but "[m]ere suggestions or the offering of an opportunity to commit a crime is not conduct amounting to inducement." United States v. Manarite, 44 F.3d 1407, 1418 (9th Cir.1995).
 
 
 11
 Hysom employed neither improper nor coercive tactics. That he allegedly departed from IRS procedures is irrelevant, as is the fact that he lacked actual authority to erase Nazaroff's taxes. Nazaroff does not contend that he believed it would be lawful to pay Hysom $5000 to erase his taxes and it is immaterial that the agent could not actually do so.
 
 
 12
 No factor favors Nazaroff. This case is not similar to Jacobson v. United States, 503 U.S. 540 (1992), or United States v. Sandoval, 20 F.3d 134 (5th Cir.1994), in terms of the nature of the inducements or evidence of predisposition. The court did not err in denying the motion for acquittal.
 
 II. Outrageous Government Conduct[2]
 
 13
 Thickstun argues that Hysom's dealings with her constituted outrageous government conduct in violation of due process. We review de novo. McClelland, 72 F.3d at 721.
 
 
 14
 Courts evaluate government conduct under the "sphygmomanometer test,"[3] which asks whether the conduct was "so grossly shocking and so outrageous as to violate the universal sense of justice." United States v. Luttrell, 889 F.2d 806, 811 (9th Cir.1989), amended by, 923 F.2d 764 (1991) (en banc) (quotations omitted). No aspect of Hysom's conduct meets this stringent test. See id. ("In this circuit, very unsavory government conduct alone has failed to cause the dismissal of indictments."); United States v. Bonanno, 852 F.2d 434, 437 (9th Cir.1988) ("Unacceptable governmental conduct occurs when the government agents act brutally by using physical or psychological coercion against the defendant, or the agents engineer and direct the criminal enterprise from start to finish.").
 
 
 15
 Thickstun relies mistakenly on a five-factor test that determines when government conduct is not outrageous. See Bonanno, 852 F.2d at 437-38. The proper test for outrageous conduct, as stated above, is the universal sense of justice. Further, it does not take into account the desperation of her circumstances, but looks solely at the government's actions. McClelland, 72 F.3d at 721 n. 1.
 
 III. Jury Instructions
 
 16
 Thickstun raises three challenges to the jury instructions. First, she argues that they did not adequately present her theory that Nazaroff entrapped her on behalf of the government. She did not object to the court's refusal to instruct on that theory, and we find groundless her assertion that the court did not allow her to object. We review for plain error. United States v. Arias-Villanueva, 998 F.2d 1491, 1504 (9th Cir.1993). "Reversal based on plain error is exceptional and occurs only when necessary to prevent a miscarriage of justice or to preserve the integrity and reputation of the judicial process." Id.
 
 
 17
 The failure to instruct on agency did not effect a miscarriage of justice because Thickstun did not present evidence that would have permitted the jury to find that Nazaroff entrapped her or that he acted as a government agent. See United States v. Nazaroff, --- F.3d ---- (9th Cir.1997) (rejecting "unwitting agent" entrapment theory).
 
 
 18
 Second, she argues that the court should not have included the indictment in the jury instructions. She objected at trial and we review for abuse of discretion. United States v. Chastain, 84 F.3d 321, 323 (9th Cir.1996). No authority holds that inclusion of an indictment prejudices the defendant. The court instructed the jury that "an indictment is but a formal method of accusing a defendant of a crime. It is not evidence of any kind against the accused." It did not abuse its discretion.
 
 
 19
 Third, she argues that the instructions eliminated an element of the crime by permitting the jury to find either that she was psychologically willing to commit the crime or that she was predisposed. We review de novo whether instructions misstate the law, but will reverse only for plain error because she raises this issue for the first time on appeal. United States v. Sterner, 23 F.3d 250, 252 (9th Cir.1994), overruled on other grounds, United States v. Keys, 95 F.3d 874 (9th Cir.1996) (en banc).
 
 
 20
 The court instructed that defendants were entrapped unless they were predisposed to commit the crimes prior to contact with a government agent, and it defined "predisposition" as willingness that precedes government contact. A separate instruction provided that defendants were not entrapped if they had a "previous intent or disposition" to commit the crime "prior to and independent of government contact." Thickstun argues that the use of the term "intent" somehow contradicted the earlier instruction on entrapment and permitted the jury to find predisposition without finding, as Jacobson requires, that it preceded government contact. This argument is untenable. The instructions were not inconsistent. If anything, the second instruction emphasized Jacobson 's requirement. There was no plain error.
 
 IV. Sentencing
 
 21
 Nazaroff argues that, in determining the intended loss to the government for sentencing purposes, the court should not have attributed to him the taxes that Thickstun sought to erase. We review de novo the court's interpretation and application of the sentencing guidelines. United States v. Shrestha, 86 F.3d 935, 938 (9th Cir.1996).
 
 
 22
 The jury convicted Nazaroff of conspiracy and the court properly attributed to him the loss that he helped his co-conspirator, Thickstun, to inflict. U.S.S.G. §§ 1B1.3, 2C1.1. He need not have benefited from her crime. See United States v. Lorenzo, 995 F.2d 1448, 1460 (9th Cir.1993) (attributing to defendant as "intended loss" the refund amounts his co-conspirators claimed in false returns); see also United States v. Falcioni, 45 F.3d 24, 28 (2d Cir.1995) (using tax liability sought to be eliminated as "intended loss" for middleman who arranged bribe, even though he did not know how much his principal owed); United States v. Dijan, 37 F.3d 398, 403 (8th Cir.1994) (attributing to defendant as "intended loss" the tax liabilities his co-conspirators sought to eliminate through bribery).
 
 
 23
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 A separate published opinion addresses Thickstun's entrapment defense and appellants' argument that the court miscalculated the government's loss for sentencing purposes
 
 
 [2]
 In his reply brief, Nazaroff joins Thickstun's arguments. While Fed.R.App.P. 28(i) permits appellants to join in one another's briefs, it does not address whether an appellant can use his reply brief to join in another's opening brief. Because Thickstun's arguments fail, we need not decide whether to let Nazaroff rely on them
 
 
 [3]
 A sphygmomanometer measures blood pressure