DAVID R. THOMPSON, Circuit Judge:
Thomas Michael McCormick and Tracy L. McCormick appeal their convictions for a number of offenses arising out of the creation and use of the identity “Michael Parris Boner”. A jury convicted both of the McCor-micks of bankruptcy fraud, in violation of 18 U.S.C. § 152. Thomas alone was convicted of: (1) fraudulent use of a social security number, in violation of 42 U.S.C. § 408(g)(1); (2) use of a false identification document, in violation of 18 U.S.C. § 1028(a)(4); (3) access device fraud, in violation of 18 U.S.C. § 1029(a)(1); (4) false statement to a bank, in violation of 18 U.S.C. § 1014; and (5) making a false statement in a passport application, in violation of 18 U.S.C. § 1542.
We have jurisdiction under 28 U.S.C. § 1291. We affirm all the convictions of Thomas Michael McCormick, and we reverse the conviction of Tracy L. McCormick.
I
THOMAS MICHAEL McCORMICK
A. Bankruptcy Fraud
Thomas Michael McCormick challenges his conviction for bankruptcy fraud on the ground that the evidence was insufficient to establish beyond a reasonable doubt that he fraudulently concealed a checking account in the name of “Michael Boner” at the Valley Bank.
Evidence is sufficient to support a conviction if, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); United States v. Vgeri, 51 F.3d 876, 879 (9th Cir.1995).
To support a conviction for bankruptcy fraud under 18 U.S.C. § 152, the prosecution is required to establish beyond a reasonable doubt (1) the existence of bankruptcy proceedings; (2) that Thomas made a statement in the bankruptcy proceedings under penalty of perjury (3) which was a false statement (4) as to a material fact; and (5) that the statement was knowingly and fraudulently made. United States v. Lindholm, 24 F.3d 1078, 1082-83 (9th Cir.1994).
The prosecution established beyond a reasonable doubt that Thomas created the “Michael Parris Boner” identity, opened the account at Valley Bank in the Boner name, participated in the preparation of the McCor-micks’ bankruptcy petition and schedules, failed to list the Valley bank account in the Boner name, and signed declarations under penalty of perjury that the information disclosed in his petition and schedules was true and correct. This evidence provided sufficient circumstantial evidence from which the jury could find the fraudulent intent required for a conviction under 18 U.S.C. § 152. The evidence was sufficient to support Thomas’s conviction.
B. Fraudulent Use of a Social Security Number
The jury convicted Thomas of fraudulent use of a social security number in violation of 42 U.S.C. § 408(g)(1) (1993). Section 408(g)(1) provides in pertinent part:
‘Whoever ... for the purpose of obtaining anything of value from any person or for any other purpose—willfully, knowingly, and with intent to deceive uses a social security account number, assigned by the Commissioner of Social Security ... on the basis of false information furnished ... by him” is guilty of a felony.
42 U.S.C. § 408(g)(1) (1993). Subsection (g) was redesignated subsection (a)(7) of 42 U.S.C. § 408 by Pub.L. 101-508, § 5121(b)(3).
Thomas presents two arguments challenging his conviction for this offense. First, he contends that, as a matter of law, the statement that his name was Michael Parris Boner is not false information. Because the common law allows a person to freely change his name without legal processes, Thomas’s *1407 adoption of the Boner name was legally permissible and thus cannot be deemed false information within the meaning of 42 U.S.C. § 408(g)(1). Second, Thomas contends that, as a matter of fact, the government failed to prove he used a social security account number, assigned by the Commissioner of Social Security on the basis of false information furnished by Thomas. These arguments distill down to the assertion that there is insufficient evidence from which a rational trier of fact could have found the essential elements of a violation of 42 U.S.C. § 408(g)(1) beyond a reasonable doubt.
We have carefully reviewed the evidence and conclude there is sufficient evidence from which the jury could have found Thomas guilty of violating 42 U.S.C. § 408(g)(1). The evidence established that Thomas applied for a social security account number in the name of Michael Parris Boner. On this application he stated he had never been issued a social security number before. This was false. He had previously been issued a social security number in the name of Thomas Michael McCormick. The evidence also showed he sought the Boner social security account number for the purpose of obtaining a passport in the Boner name.
We affirm Thomas’s conviction for violating 42 U.S.C. § 408(g)(1).
C. Use of a False Identification Document
The jury convicted Thomas of violating 18 U.S.C. § 1028(a)(4). Section 1028(a)(4) provides that:
Whoever ... knowingly possesses an identification document (other than one issued lawfully for the use of the possessor) or a false identification document, with the intent such document be used to defraud the United States commits an offense.
18 U.S.C. § 1028(a)(4).
Thomas contends that one of the essential elements for a conviction under 18 U.S.C. § 1028(a)(4) is that the intended conduct must violate a local, state or federal law. He relies upon United States v. Rohn, 964 F.2d 310 (4th Cir.1992).
Thomas’s rebanee on Rohn is misplaced. Rohn involved a violation of 18 U.S.C. § 1028(a)(3), not section 1028(a)(4) under which Thomas was charged and convicted. We have considered both the text and the legislative history of 18 U.S.C. § 1028(a)(4) and conclude that a violation of local, state or federal law is not an essential element of an offense under that section. Accordingly, we reject Thomas’s argument that the indictment failed to provide sufficient notice to him of the elements of the charge, and that the jury instructions failed to instruct the jury on an essential element of the offense.
The trial court instructed the jury that the government was required to prove that (1) Thomas knowingly possessed a false identification document, and (2) that he did so with the intent to defraud the United States. This instruction was sufficient. Cf. United States v. Dees, 34 F.3d 838, 843 n. 1 (9th Cir.1994) (similar instruction approved in mail and wire fraud conviction under 18 U.S.C. §§ 1341 and 1343).
We affirm Thomas’s conviction for violating 18 U.S.C. § 1928(a)(4).
D. Access Device Fraud
The jury convicted Thomas of access device fraud, in violation of 18 U.S.C. § 1029(a)(1). Section 1029(a)(1) provides in part:
Whoever knowingly and with intent to defraud produces, uses or traffics in one or more counterfeit access devices ... shall, if the offense affects interstate or foreign commerce, be punished....
18 U.S.C. § 1029(a)(1).
In challenging this conviction, Thomas contends the evidence at trial estabbshed that the Boner Citibank Visa card was not a credit card, but rather a secured card. From this factual premise, Thomas makes three arguments: (1) insufficiency of the evidence, (2) legal and factual impossibihty, and (3) constructive amendment of or variance from the indictment.
Even if we accept Thomas’s argument that the Boner Citibank Visa card is not a credit card, the Boner Citibank Visa card falls within the statute’s definition of a counterfeit access device. The statute defines an “access device” in part as “any card ... that can *1408 be used ... to obtain money, goods, services or any other thing of value.” 18 U.S.C. § 1029(e)(1). A “counterfeit access device” is defined as: “any access device that is ... fictitious”. 18 U.S.C. § 1029(e)(2). We have held that submission of a credit card application containing false or inflated information produces a counterfeit access device within the meaning of 18 U.S.C. § 1029(e)(2). United States v. Brannan, 898 F.2d 107, 108-109 (9th Cir.1990), cert. denied, 498 U.S. 833, 111 S.Ct. 100, 112 L.Ed.2d 71 (1990).
In addition, the fact that the Boner Citibank Visa card was secured by a certificate of deposit does not exclude the card from section 1029(e)(l)’s definition of “access device”. Thomas used the Boner Citibank Visa card to obtain “goods”, “services” and other “thing[s'J of value.” 18 U.S.C. § 1029(e)(1). The McCormicks used the Boner Citibank Visa card to charge a variety of purchases. Although the Boner Citibank Visa card was secured by a certificate of deposit, it still falls within the statutory definition of a “counterfeit access device”.
The evidence also showed that Thomas supplied fictitious information on the Visa card application, and that he would not have been issued the Boner Citibank Visa card if Citibank knew he had supplied false information on his application.
Thomas’s legal and factual impossibility argument is without merit.
Legal impossibility exists when the intended acts would not constitute a crime under the applicable law. Factual impossibility refers to those situations in which, unknown to the defendant, the consummation of the intended criminal act is physically impossible.
United States v. Luttrell, 889 F.2d 806, 810 (9th Cir.1989), vacated in part on other grounds, 923 F.2d 764 (9th Cir.1991) (en banc), cert. denied sub nom. Kegley v. United States, 503 U.S. 959, 112 S.Ct. 1558, 118 L.Ed.2d 207 (1992).
As we have stated, there was sufficient evidence from which a jury could find the essential elements of access device fraud. It follows that it is neither legally impossible nor factually impossible for Thomas to have committed access device fraud in violation of 18 U.S.C. § 1029(a)(1).
Thomas’s argument that a constructive amendment of or variance from the indictment occurred is also without merit. “A constructive amendment of an indictment occurs when the evidence produced at trial supports a crime other than that charged in the indictment.” United States v. Alvarez, 972 F.2d 1000, 1003 (9th Cir.1991). Here, the evidence produced at trial supported the crime charged, violation of 18 U.S.C. § 1029(a)(1). “A variance in proof occurs when the charging terms of the indictment are left unchallenged, but the evidence offered at trial proves facts materially different from those alleged in the indictment.” Alvarez, 972 F.2d at 1004 (internal citation and quotations omitted). The only fact proved which could be found to be materially different from what the indictment alleged is that the Boner Citibank Visa card is a secured card. Even accepting Thomas’s argument that a secured card is materially different from a credit card, this does not require reversal of his conviction. “A variance requires reversal only when the defendant was prejudiced thereby.” Id. Thomas was not prejudiced. The indictment provided notice of the offense, 18 U.S.C. § 1029(a)(1), as well as the conduct charged as a violation of that statute.
We affirm Thomas’s conviction for violating 18 U.S.C. § 1029(a)(1).
E. False Statement to a Bank
The jury convicted Thomas of making a false statement to a bank, in violation of 18 U.S.C. § 1014. Section 1014 provides that: “whoever knowingly makes any false statement ... for the purpose of influencing in any way the action of ... any institution the accounts of which are insured by the Federal Deposit Insurance Corporation ... upon any application” shall be fined or imprisoned or both. 18 U.S.C. § 1014.
Thomas argues that: (1) there was a constructive amendment to or variance from the indictment, and (2) a jury instruction improperly limited the jury’s traditional factfinding function, affecting the fundamental process of assessing and evaluating evidence.
Thomas’s argument that there was a constructive amendment or variance of the in *1409 dictment on this count is based on the same factual premise as his argument challenging his conviction for access device fraud on the previous count: that the Citibank Visa credit card was a secured card. For the same reasons discussed above in relation to Thomas’s challenge to the access device fraud count, we reject his challenge to his conviction on this count charging him with making a false statement to a bank in violation of 18 U.S.C. § 1014. Even ,if there were a constructive amendment to or variance from the indictment, Thomas suffered' no prejudice.He had notice of the offense charged as well as the conduct on which the charged offense was based.
Thomas’s second argument is also without merit. The trial court did not instruct the jury in a way which limited the jury’s traditional factfinding function. After instructing the jury on the essential elements of an offense under 18 U.S.C. § 1014, the trial court stated that “if all the elements of the offense are established, it is not a defense to the charge that the defendant entertained an honest intent to repay the bank.”
Because Thomas did not object to this instruction in the trial court, we review for plain error. United States v. Benny, 786 F.2d 1410, 1417 (9th Cir.), cert. denied, 479 U.S. 1017, 107 S.Ct. 668, 93 L.Ed.2d 720 (1986).
The district court did not commit plain error in giving this instruction. The government needed only to prove that Thomas made the false statements in order to influence the bank. See Theron v. United States Marshal, 832 F.2d 492, 496-497 (9th Cir.1987), cert. denied, 486 U.S. 1059, 108 S.Ct. 2830, 100 L.Ed.2d 930 (1988). The government supplied this proof. Whether Thomas entertained an honest intent to repay the bank is irrelevant. Cf. Benny, 786 F.2d at 1417 (“good faith intent to repay” defense rejected in context of mail fraud).
We affirm Thomas’s conviction for violating 18 U.S.C. § 1014.
F. False Statement in a Passport Application
The jury convicted Thomas of making a false statement in a passport' application in violation of 18 U.S.C. § 1542. Section 1542 provides: “Whoever willfully and knowingly makes any false statement in an application for a passport with intent to induce or secure the issuance of a passport ...” shall be fined or imprisoned or both. 18 U.S.C. § 1542.
In challenging his conviction on this count, Thomas’s principal arguments are (1) that count one of the superseding indictment is duplicitous because it lists more than one false statement, and (2) the trial court’s failure to give a- specific unanimity instruction violated his constitutional right to a unanimous verdict.
An objection that an indictment count is duplicitous must be made prior to trial or it is waived. United States v. Gordon, 844 F.2d 1397, 1400 (9th Cir.1988). Thomas failed to object to the alleged duplicity prior to trial; he thus waived any objection. Fed.R.Crim.P. 12(b)(2); Gordon, 844 F.2d at 1400.
With regard to Thomas’s second argument, “there is no general requirement that the jury reach agreement on the preliminary factual issues which underlie the verdict.” Schad v. Arizona, 501 U.S. 624, 632, 111 S.Ct. 2491, 2497, 115 L.Ed.2d 555 (1991) (quoting McKoy v. North Carolina, 494 U.S. 433, 449, 110 S.Ct. 1227, 1236, 108 L.Ed.2d 369 (1990) (Blackmun, J. concurring)). The plain text of the statute, germane case law, multiplicity and duplicity concerns, and the small likelihood of jury confusion indicate that consensus by the jury on a particular false statement is not required.
We affirm Thomas’s conviction for violating 18 U.S.C. § 1542.
II
TRACY L. McCORMICK
Tracy, like Thomas, contends the evidence was insufficient to prove beyond a reasonable doubt that she had the specific intent to commit bankruptcy fraud in violation of 18 U.S.C. § 152. We agree and reverse her conviction.
The evidence convincingly demonstrates that' Tracy was fully informed of the scheme *1410 to create the fictitious identity of Michael Parris Boner. In her own words, she “knew about everything that was going on.” The crime for which she stands convicted, however, requires evidence of her specific intent to fraudulently conceal assets from the bankruptcy trustee. See United States v. Micciche, 525 F.2d 544, 547 (8th Cir.1975). Such evidence is lacking.
In United States v. White, 879 F.2d 1509 (7th Cir.), cert. denied, 494 U.S. 1027, 110 S.Ct. 1471, 108 L.Ed.2d 609 (1990), the Seventh Circuit confronted similar facts. Richard White and his wife were convicted of bankruptcy fraud in violation of 18 U.S.C. § 152. Both defendants challenged their convictions on the ground of insufficiency of the evidence. The court framed the issue as to both defendants as:
whether the total circumstances, including but not limited to the bare fact of the defendant’s signature, warrant a confident inference that the defendant knew what he was signing or, what has the same legal significance, deliberately refused to acquaint himself with the contents, fearing what he would discover if he did.
White, 879 F.2d at 1511 (citations omitted).
Mr. White was a principal of a corporation, White Petroleum, which declared bankruptcy. Subsequently, the Whites themselves declared personal bankruptcy. Mr. White, an experienced businessman who handled all the financial affairs of his household, met with bankruptcy counsel to prepare both the corporation’s and the personal bankruptcy petitions. The charge of bankruptcy fraud against the Whites alleged that they had listed a false mortgage and concealed several assets in their bankruptcy schedules. The court found “the circumstances enable the necessary inference of knowledge or reckless indifference to be drawn” on the part of Mr. White. Id. The evidence against him was sufficient to support his conviction.
With regard to Mrs. White, however, the evidence against her was insufficient to support her conviction. She did not participate in the preparation of the bankruptcy petition or accompanying schedules. Nor did she know anything about her husband’s financial affairs. Her signature appeared not once, but on several pages of the bankruptcy petition and accompanying schedules, although not on the pages listing the Whites’ assets. One of the assets Mrs. White was accused of concealing was her life insurance policy, but the court commented this suggested only that if she had read the petition and accompanying schedules she might have noticed the omission.
The same holds true in this case. If Tracy had read the petition and the accompanying schedules before she signed them, she might have noticed the omission of the Boner bank account at the Valley Bank. Also, like the White case, Tracy’s signature appeared on the petition and on the declarations following the schedules, but not on the pages listing the McCormicks’ assets.
Tracy knew that her husband had created the Michael Parris Boner identity. She also knew of the existence of the Boner bank account at the Valley bank; she had received and endorsed a $50 check drawn by her husband on that account.
The evidence is uncontroverted, however, that Tracy did not read the bankruptcy documents before she signed them. She testified she ran into the bankruptcy attorney’s office, signed at the places indicated and hurried back out to her children who were waiting in the car. The bankruptcy attorney testified it was her practice to have her paralegals go over the bankruptcy petition and schedules with clients before clients signed them, but none of the paralegals testified and the attorney could not say whether or not Tracy read the documents before she signed them.
Finally, the trial judge’s comments at sentencing make it clear that in his view the evidence against Tracy was insufficient to support her conviction. Although this comment does not take the place of evidence in the case, it is entitled to some deference. The trial judge watched the witnesses as they testified and was able to evaluate the evidence in a way a court of appeals never can. At the close of the prosecution’s case, and again at the close of the defense case, defense counsel moved pursuant to Federal Rule of Criminal Procedure 29(a) for a judgment of acquittal as to both defendants. The court denied both motions. The defense did not renew its motion for judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29(c) after the verdict was re *1411 turned. At sentencing several months later, the trial court stated upon further reflection that it would have granted a Rule 29(c) post-verdict motion for judgment of acquittal in favor of Tracy McCormick had such a motion been made.
In view of all of the foregoing, and even viewing the evidence in the light most favorable to the prosecution, the evidence is insufficient to prove beyond a reasonable doubt that Tracy L. McCormick committed bankruptcy fraud in violation of 18 U.S.C. § 152. We therefore reverse her conviction.
Ill
CONCLUSION
We affirm all of the convictions of Thomas Michael McCormick. We reverse the conviction of Tracy L. McCormick.
AFFIRMED in part; REVERSED in part.