91 F.3d 151
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Kirk CLYMER, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-55941.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 9, 1996.*
Decided July 15, 1996.
 
 Before: HUG, Chief Judge, SCHROEDER and POOLE, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Former federal prisoner Kirk Clymer appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion challenging his jury conviction and 15-month sentence for bankruptcy fraud in violation of 18 U.S.C. §§ 2 and 152, and use of a false Social Security number in violation of 42 U.S.C. § 408(a)(7)(B). Clymer contends that his trial counsel provided ineffective assistance and that the district court abused its discretion by denying his § 2255 motion without granting him an evidentiary hearing on this issue.[1] We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2255. We review de novo the district court's denial of a § 2255 motion, Frazer v. United States, 18 F.3d 778, 781 (9th Cir.1994), and affirm.[2]
 
 
 3
 Clymer contends that his counsel provided ineffective assistance because he failed to develop at trial that Clymer was actually bankruptcy and therefore lacked the requisite intent to commit bankruptcy fraud. Clymer further contends that the district court abused its discretion by denying his § 2255 motion without granting an evidentiary hearing regarding newly discovered evidence pertaining to this claim.
 
 
 4
 In order to prevail on an ineffective assistance of counsel claim, a defendant must show that counsel's performance was deficient and that this deficient performance prejudiced the defendant. Strickland v. Washington, 466 U.S. 668, 687 (1984). If it is possible to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, we may do so without examining the performance prong. Id. at 697. We review for an abuse of discretion a district court's denial of an evidentiary hearing. Frazer, 18 F.3d at 781.
 
 
 5
 To support a conviction for bankruptcy fraud under 18 U.S.C. § 152, the prosecution must establish: (1) the existence of bankruptcy proceedings; (2) that the defendant made a statement in the bankruptcy proceedings under penalty of perjury; (3) that the statement was false; (4) that the statement pertained to a material fact; and (5) that the statement was knowingly and fraudulently made. See 18 U.S.C. § 152 (1994); United States v. Lindholm, 24 F.3d 1078, 1082 (9th Cir.1994). The elements of using a false Social Security number in violation of 42 U.S.C. § 408(a)(7)(B) are: (1) false representation of a social security account number; (2) with intent to deceive; and (3) for the purpose of obtaining anything of value from any person. See 42 U.S.C. § 408(a)(7)(B) (1994); United States v. McCormick, 72 F.3d 1404, 1406 (9th Cir.1995) (describing elements of offense under precursor statute).
 
 
 6
 Here, Clymer has failed to show that his trial counsel rendered ineffective assistance. See Strickland, 466 U.S. at 687. The issue at trial was not whether Clymer was actually destitute, but whether he had made false statements in his bankruptcy filings. Proof of financial impoverishment would have had no bearing on Clymer's intent to commit the crimes with which he was charged. See 18 U.S.C. § 152; 42 U.S.C. § 408(a)(7)(B); McCormick, 72 F.3d at 1406; Lindholm, 24 F.3d at 1082. Therefore, the alleged failure on the part of Clymer's counsel to present evidence of Clymer's impoverishment did not prejudice Clymer and his ineffective assistance of counsel claim is unsuccessful. See Strickland, 466 U.S. at 687.[3] Because Clymer's ineffective assistance of counsel claim is without merit, see id., the district court did not abuse its discretion by denying Clymer's request for an evidentiary hearing. See Frazer, 18 F.3d at 781; see also Quintero v. United States, 33 F.3d 1133, 1135 (9th Cir.1994) (stating that evidentiary hearing need not be granted when movant's allegations, viewed against the record, do not state a claim for relief).
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Clymer's request for oral argument is denied. We grant the government's motion to strike portions of Clymer's excerpt of record and deny Clymer's motion to supplement the record
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Clymer also contends that the district court erred by denying his § 2255 motion because: (1) the court erroneously instructed the jury regarding the knowledge element of the offenses; (2) the government engaged in misconduct; (3) the court erroneously adjusted his offense level upward; (4) the court erred by ordering Clymer to pay restitution; and (5) his appellate counsel rendered ineffective assistance. Additionally, in his opening brief, Clymer expands on the ineffective assistance of trial counsel claim that he raised in the district court. Because Clymer did not raise these issues in his § 2255 motion, we will not consider them here. See United States v. Johnson, 988 F.2d 941, 945 (9th Cir.1993)
 
 
 [2]
 Because we affirm the district court's denial of Clymer's motion under the former version of 28 U.S.C. § 2255, we do not consider whether the Antiterrorism and Effective Death Penalty Act of 1996 applies to this appeal
 
 
 [3]
 Moreover, the record indicates that evidence of Clymer's financial state was presented at trial