111 F.3d 139
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michelle IN aka Mi Hwa Chae In, Kwang Jin Son, Defendants-Appellants.
 Nos. 96-10118, 96-10241.
 United States Court of Appeals, Ninth Circuit.
 No. 96-10118 Argued and Submitted Dec. 9, 1996.
No. 96-10241 Submitted Dec. 9, 1996.*
Decided April 16, 1997.
 
 Before: BROWNING, SKOPIL, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Defendants Michelle In and Kwang Jin Son appeal their convictions for alien smuggling. In and Son challenge their convictions arguing that the district court erred in admitting evidence, the evidence is insufficient to support their convictions, the district court gave erroneous jury instructions, and the district court lacked jurisdiction. We affirm.
 
 I.
 
 3
 The district court did not err by admitting statements contained in a plea agreement between Juan Cruz and the Government. The district court properly admitted the evidence under the statements against penal interest exception to the hearsay rule under Federal Rule of Evidence ("FRE") 804(b)(3). Rule 804(b)(3) requires that the declarant be unavailable, and further provides that,
 
 
 4
 A statement which was at the time of its making so far ... tended to subject the declarant to ... criminal liability ... that a reasonable person in the declarant's position would not have made the statement unless believing it to be true.
 
 
 5
 The requirement that the declarant be "unavailable" for purposes of 804(b)(3) is clearly met because Cruz was found dead prior to the government's attempt to admit his plea agreement.
 
 
 6
 Defendant In argues, however, that Cruz' statements in the plea agreement were not truly against his penal interest in that he was attempting to receive favorable treatment from the government. We disagree. In the plea agreement, Cruz detailed his own participation in the driver's license fraud. The record supports the district court's finding that:
 
 
 7
 Here with Cruz we have a defendant pleading guilty after having received the advice of counsel and pleading guilty to the Court. We don't have here a Defendant who is trying to shift blame, or try to parcel out blame for a crime. We have here a defendant that had already seen his lawyer.
 
 
 8
 Although Cruz may have received some favorable treatment from the government, Cruz himself recognized that he was subjecting himself to serious criminal liability.
 
 
 9
 In Williamson v. United States, 512 U.S. 594, 600-01 (1994), the Supreme Court explained that Rule 804(b)(3) "does not allow admission of non-self-inculpatory statements, even if they are made within a broader narrative that is generally self-inculpatory." We are satisfied, however, that Cruz' own involvement in the driver's license fraud was so intertwined with defendant In's involvement, that it would be impossible to parse out non-self-inculpatory statements from the plea agreement. The district court properly admitted the entire Cruz plea agreement.
 
 II.
 
 10
 The district court did not err in admitting photocopies of driver's licenses seized from Son's office under the Plain View Doctrine. Under the Plain View Doctrine, the seizure is proper if: (1) the evidence was discovered during a lawful search; and (2) when the evidence was discovered, it was immediately apparent to the officer that it constituted incriminating evidence. Roe v. Sherry, 91 F.3d 1270, 1272 (9th Cir.1996) (citing Horton v. California, 496 U.S. 128, 135-36 (1990)). Defendants' entire argument is that the second requirement was not met: "In the present case Special Agent Crowther's testimony did not include any facts that would give a reasonable suspicion that the photocopies of driver's licenses were evidence of a crime."
 
 
 11
 During the suppression hearing, Agent Foster testified that based on his extensive experience, he believed that the photocopies were evidence of a violation of 18 U.S.C. § 1028. Specifically, Foster pointed to the facts that the copies had been whited out in places and had been cloned into phony driver's licenses with different names, signatures, and photos. The district court relied heavily on Foster's testimony, finding it to be more credible than that of any other witness.
 
 
 12
 Defendants make no argument that the district court erred in crediting Foster's testimony nor do defendants argue that Foster could not have reasonably believed that the photocopies were evidence of a violation of 18 U.S.C. § 1028. Rather, defendants argue that Crowther's testimony failed to establish reasonable suspicion. This argument is irrelevant to whether the photocopies were properly seized.
 
 III.
 
 13
 Defendant In[1] argues that this prosecution is tainted because the government improperly used her immunized testimony before a grand jury in violation of her Fifth Amendment right against self-incrimination. See Kastigar v. United States, 406 U.S. 441 (1972). "We review under the clearly erroneous standard the district court's finding that the government's evidence was untainted by a grant of immunity." United States v. Montoya, 45 F.3d 1286, 1291 (9th Cir.) (citation omitted), cert. denied, 116 S.Ct. 67 (1995).
 
 
 14
 The district court did not err in finding that the government met its burden to prove that there was a wholly independent source for all the evidence it proposed to use against In by affidavits and the testimony of witnesses during the Kastigar motion. Defendant In argues that Assistant United States Attorney ("AUSA") Johnson's participation throughout the investigation violates Kastigar. There is no per se rule requiring the withdrawal of a prosecutor or other government official who may have been exposed to immunized testimony. Montoya, 45 F.3d at 1292. Rather, the question is whether she used the testimony in any way to build a case against the defendant. Id. The district court properly found that AUSA Johnson did not use In's grand jury testimony to build her case against In.
 
 IV.
 
 15
 Defendants In and Son make three meritless arguments regarding the sufficiency of the evidence to support the convictions on Count II and Count V. Count II of the indictment states that defendants conspired "to produce and possess false identification documents." Count V of the indictment states that defendants possessed false identification documents "with the intent that these documents be used to defraud the United States."
 
 
 16
 First, defendants argue that mere copies of valid driver's licenses cannot be "false" identification documents. However, defendants did more than possess mere copies of valid driver's licenses. They also altered those copies in connection with an illegal scheme to obtain official Guam driver's licenses. Second, defendants argue that the altered driver's licenses are not "identification" documents. The copies of the licenses are identification documents, however, because they were used by the Guam Motor Vehicles Department as identification to issue official Guam driver's licenses without requiring written or driving tests. Third, defendants argue that there is no evidence that they intended to defraud the United States. They cite to testimony of agent Foster indicating that the government had no evidence that the driver's licenses were used to receive any government benefit. Contrary to defendants' argument, the sole purpose of Defendants' entire scheme was to defraud the United States. Using the photocopied licenses to obtain genuine Guam driver's licenses was an essential part of their scheme to defraud the United States by violating its immigration and labor laws.
 
 V.
 
 17
 Defendant Son[2] argues that the district court gave an erroneous jury instruction of an essential element of Count V. Defendant Son did not object to the jury instructions at the time of trial and we therefore review only for plain error. United States v. Bracy, 67 F.3d 1421, 1431 (9th Cir.1995).
 
 
 18
 The trial court instructed the jury that the government was required to prove that (1) Son knowingly possessed a false identification document, and (2) that he did so with the intent to defraud the United States. This instruction has previously been deemed to be sufficient by this court, and certainly does not constitute plain error. See United States v. McCormick, 72 F.3d 1404, 1407 (9th Cir.1995) (approving identical jury instruction under 18 U.S.C. § 1028(a)(4)).
 
 VI.
 
 19
 Although styled as an attack on the subject matter jurisdiction of the district court, Son's final argument is that "Count II of the indictment must be dismissed for failure to state an offense." Specifically, he argues that the indictment failed to state overt acts sufficient to constitute violations of 18 U.S.C. §§ 1028(a)(1) and (a)(4).
 
 
 20
 "A claim of a defective indictment can be raised at any time, but challenges should be made at the earliest possible moment. Indictments which are tardily challenged are liberally construed in favor of validity." United States v. James, 980 F.2d 1314, 1316 (9th Cir.1992) (internal punctuation and citations omitted). The court should not reverse the conviction in the absence of prejudice to the defendant. United States v. Normandeau, 800 F.2d 953, 958 (9th Cir.1986).
 
 
 21
 Son makes no showing that he was prejudiced by any deficiency in the indictment. Rather, he simply reargues his belief that at most what he did was violate local laws regarding driver's licenses. This argument lacks merit because the jury also found that Son conspired in a scheme to alter these driver's licenses with the intent to defraud the United States.
 
 
 22
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Defendant In received immunity from the government and defendant Son did not. This argument is therefore raised only by defendant In
 
 
 [2]
 This argument is raised only by defendant Son