**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Zachary Huston WOLFE,
Defendant–Appellant.**

**No. 00–30071.**

**D.C. No. CR–99–02094–WFN.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 13, 2001.

Decided July 19, 2001.

Before B. FLETCHER, BRUNETTI, and FISHER, Circuit Judges.

MEMORANDUM *

Zachary Huston Wolfe ("Wolfe") challenges his convictions for unlawfully receiving a firearm while under indictment for a felony in violation of 18 U.S.C. § 922(n) ("Count 1") and knowingly making false statements in order to obtain a firearm in violation of 18 U.S.C. § 922(a)(6) ("Count 2"). Wolfe timely filed a notice of appeal, and we have jurisdiction pursuant to 28 U.S.C. § 1291.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

## I. Variance From or Constructive Amendment of the Indictment

■ Wolfe was not denied his Fifth Amendment right to indictment by grand jury when the government introduced evidence that varied from the facts of his indictment. Specifically, the government introduced evidence of the November 1998 felony charge against Wolfe even though only the two December 1998 felony charges were listed in the federal indictment. Facts that vary from the allegations of an indictment are classified as either substantial "amendments" of or less substantial "variances" from an indictment. Amendments, whether constructive or literal, are per se unconstitutional. *E.g., United States v. Pisello,* 877 F.2d 762, 765 (9th Cir.1989). Variances, on the other hand, require reversal only if the defendant can prove that he or she suffered prejudice because of the error. *Id.*

■ Amendments occur when a "complex of facts distinctly different from those set forth in the charging instrument" are introduced. *United States v. Von Stoll,* 726 F.2d 584, 586 (9th Cir.1984). "The line essentially is between the situation in which different evidence supports the charged crime and that in which the evidence supports a crime other than that charged." *Pisello,* 877 F.2d at 765.

The government's evidence did not vary so substantially from the indictment as to suggest a different crime and thus did not constitute an amendment. Although Wolfe's crimes were premised on the existence of a preexisting felony charge against him, the nature of neither crime turned on the precise predicate felony charged.

At most, then, the government's proof amounted to a variance from the indictment. It is grounds for reversal only if it affects the substantial rights of the defendant, *id.,* in other words, if the defendant suffers prejudice. *United States v.*

*McCormick,* 72 F.3d 1404, 1408 (9th Cir. 1995). Wolfe has not shown that he suffered any prejudice as a result of the variance. As to Count 1, Wolfe suffered no prejudice because, consistent with the terms of the indictment, the jury was instructed that it had to find that Wolfe "was under an information for Residential Burglary and First Degree Theft." This referred to the December 1998 charges.

Nor did Wolfe suffer any prejudice with respect to Count 2. Even though the government introduced evidence of three felonies that Wolfe had been charged with that made Wolfe's statement to the gun dealer false, the government's burden was to show that Wolfe committed a single lie, and thus a single violation of § 922(a)(6). Even though one of the three felonies was not listed in the indictment, the effect that this variance may have had on the jury is no greater than the effect of the variances in cases in which this Court has found a lack of prejudice. *E.g., McCormick,* 72 F.3d at 1408; *Pisello,* 877 F.2d at 765–66; *Von Stoll,* 726 F.2d at 587. Based on these cases, we hold that the variance was not prejudicial.

■ Nor was it a fatal variance for the government to introduce at trial *both* the state and federal forms that Wolfe had filled out, because the indictment did not specify which particular form constituted the "false or fictitious oral or written statement."

We hold that the evidence the government adduced at trial did not violate Wolfe's rights under the Grand Jury clause.

## II. Jury Instructions and the Defense of Mistake

■ The court instructed the jury, with respect to Count 2, that it had to find that Wolfe "knew that the statement was false." Standing alone, this instruction,

number seven, adequately and unambiguously covered Wolfe's theory of mistake. However, "[a] single instruction is not viewed in isolation, but in the context of the overall charge." *United States v. Harrison,* 34 F.3d 886, 889 (9th Cir.1994). "Our inquiry is whether the jury instructions as a whole are misleading or inadequate to guide the jury's deliberations." *United States v. Holmes,* 229 F.3d 782, 786 (9th Cir.2000).

■ Unfortunately, instruction nine is somewhat confusing. It provides:

An act is done "knowingly" if the Defendant is aware of the act and does not act through ignorance, mistake, or accident. The Government is not required to prove that the Defendant knew that his acts or omissions were unlawful. You may consider evidence of the Defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the Defendant acted knowingly.

The main problem with this instruction is its second sentence, which provides that the "Government is not required to prove that the Defendant knew that his acts or omissions were unlawful." This is the sentence that Wolfe tried to have removed. To the trained legal eye, this sentence conveys an uncontroversial legal maxim: ignorance of the law is no defense. *United States v. Cain,* 130 F.3d 381, 384 (9th Cir.1997) (calling a similar instruction the "typical ignorance-of-the-law instruction").

■ If the law is accurately stated, we review the district court's choice of instructions only for an abuse of discretion, giving the trial court substantial latitude in the way it crafts instructions. *United States v. Reed,* 147 F.3d 1178, 1180 (9th Cir.1998). Here the court correctly conveyed the idea that the defendant had to know he had prior felonies on his record and lied about it, but that he didn't have to know that his lies or omissions were themselves a crime. Although instruction nine

is somewhat confusing, because we are required to give deference to the district court's construction of the instructions, and because the instructions were not incorrect as a matter of law, we have no cause to reverse.

### III. Multiplicity

■ "The test for multiplicity is whether each count 'requires proof of an additional fact which the other does not.'" *United States v.. Garlick,* 240 F.3d 789, 794 (9th Cir.2001) (quoting *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932)).

■ A defendant may be indicted or convicted under both 18 U.S.C. § 922(n) and § 922(a)(6) under the *Blockburger* test. The violation of the statute charged in Count 1 requires the defendant to have been under indictment fór a crime punishable by more than a year in prison, a fact that the statute charged in Count 2 does not require. Count 2 requires a false or fictitious oral or written statement, a fact not required under Count 1.

■ Wolfe argues that his conviction suffered from multiplicity because the *proof* of each count depended on facts used to prove the other. This argument fails. "*Blockburger* does not direct us to compare the evidence necessary to convict the defendants of both offenses; rather, it directs us to engage in statutory construction of the two provisions under which the defendants are convicted." *United States v. Otis,* 127 F.3d 829, 833 (9th Cir.1997). "'Substantial overlap in the proof' does not establish double jeopardy." *Id.* (alterations omitted) (quoting *United States v.. Cuevas,* 847 F.2d 1417, 1429 (9th Cir. 1988)). There is no multiplicity problem here because one need not be under indictment for more than a year to lie to a registered firearms dealer, and one need not make a false statement to receive a firearm.

Based on the foregoing, we affirm the district court's judgment of conviction.

AFFIRMED.