**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Timothy Jonathan LUNDBERG,**
**aka Timothy Joel Lundberg,**
**Defendant–Appellant.**

No. 00–50705.
D.C. No. CR–00–00016–AHM–2.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 17, 2001.*

Decided Dec. 27, 2001.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before SCHROEDER, Chief Judge,
TROTT and PAEZ, Circuit Judges.

## MEMORANDUM **

Timothy Jonathan Lundberg appeals pro se his jury trial conviction and 15–month sentence for one count of conspiracy to obstruct the lawful functions of the IRS and three counts of counterfeiting the IRS seal, in violation of 18 U.S.C. §§ 371 and 506(a), respectively. During the course of an IRS audit of Lundberg's business, it was discovered that Lundberg and his co-defendant, Schuppert, had sent false "Summons Termination" letters bearing the IRS seal to businesses who had previously received IRS requests for information. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Lundberg first contends that the government constructively amended the indictment by introducing at trial evidence of tax evasion, conduct occurring outside the period alleged in the indictment, and Schuppert's plea agreement. Because Lundberg did not make this contention in the district court, we review for plain error.[1] *United States v. Shipsey,* 190 F.3d 1081, 1085 (9th Cir.1999). A constructive amendment of the indictment occurs when the evidence proved at trial supports a crime other than the crime charged in the indictment. *United States v. McCormick,* 72 F.3d 1404, 1408 (9th Cir.1995). The district court allowed the government to

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

1. Lundberg did file an unsuccessful motion to dismiss for constructive indictment. The motion, however, specifically alleged that the government had introduced evidence that exonerated Lundberg, and, the government was therefore judicially estopped from introducing evidence to the contrary. This allegation is not renewed on appeal.

introduce evidence relating to trusts and tax evasion for the limited purpose of showing any relationship between Lundberg and Schuppert and to demonstrate a possible motive behind Lundberg's obstructing the IRS's efforts to obtain information. Shuppert's plea agreement was introduced as impeachment evidence to contradict Schuppert's trial testimony that he did not conspire with Lundberg. Because the overwhelming evidence at trial, however, supported the crimes charged in the indictment, no amendment occurred. *Id.* (concluding that when evidence produced at trial supports crime charged, no constructive amendment occurs).[2]

▉ We find unpersuasive Lundberg's second contention that the district court erred by denying his motion to suppress evidence seized pursuant to a search warrant. Lundberg argues that the warrant and its supporting affidavit failed to state with sufficient particularity the records to be seized and that inclusion of the language, "includes, but not limited to" rendered the warrant overbroad. Paragraphs "a-e" of the warrant limited the officers to evidence related to the IRS, the summonses, and businesses who may have received the false summons. Because the remaining paragraphs of the warrant were qualified by paragraphs "a-e," the search was limited in scope. *United States v. Reeves,* 210 F.3d 1041, 1046 (9th Cir.), *cert. denied,* 531 U.S. 1000, 121 S.Ct. 499, 148 L.Ed.2d

470 (2000) (concluding after de novo review that a warrant is not overbroad where the context limits the scope of the search). Furthermore, we have previously concluded that inclusion of the language "but not limited to" does not per se render a warrant overbroad. *Id.* at 1046–47.

▉ Lundberg's third contention, that the district court abused its discretion by denying him access to all of the ministerial records of all of the grand juries convened in the Central District of California since January 6, 1983, is overly broad and general. Accordingly, Lundberg failed to show a particularized need that outweighed the need for secrecy, and therefore, the district court properly denied disclosure and his challenge fails. *See In Re Grand Jury Proceedings,* 62 F.3d 1175, 1178–79 (9th Cir.1995) (reiterating that a petitioner seeking disclosure of grand jury materials must show that the material is needed to avoid a possible injustice, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed).[3]

Fourth, Lundberg asserts that the district court erred by denying his motion to dismiss based on violation of the Speedy Trial Act, 18 U.S.C. § 3161(c)(1). Specifically, Lundberg claims that the district court improperly excluded the time between February 29, 2000, and May 30, 2000, under 18 U.S.C. § 3161(h)(8)(A).

**2.** To the extent that Lundberg claims variance, we also reject this claim. *McCormick,* 72 F.3d at 1408 (a variance occurs when the "evidence offered at trial proves facts materially different from those alleged in the indictment"). The evidence at trial proved the crimes charged in the indictment: that Lundberg and Schuppert conspired to falsify IRS documents in an effort to prevent third parties from complying with valid IRS summonses. Any additional evidence presented to the jury did not prejudice Lundberg such that reversal is required. *Id.* ("a variance requires

reversal only when the defendant was prejudiced thereby").

**3.** We decline to address Lundberg's argument, raised for the first time in his reply brief, that because he did not receive the grand master jury wheel soon enough he was effectively denied access. *See United States v. Montoya,* 45 F.3d 1286, 1300 (9th Cir.1995). We note, however, that a review of the record does not support this contention.

Lundberg fails to appreciate, however, that the district court found, and defense counsel stipulated, that (1) a continuance was necessary to allow reasonable trial preparation time, (2) May 30, 2000, was the first time all counsel were available, (3) the ends of justice were served by granting the continuance, and (4) that the time period was excludable under section 3161(h)(8)(A). Because the district court made the requisite findings, we find no error. *See United States v. Ramirez–Cortez,* 213 F.3d 1149, 1153–54 (9th Cir.2000) (reviewing district court's application of the Speedy trial Act de novo and the factual findings supporting an "ends of justice" exclusion for clear error, the court reaffirmed that an "ends of justice" exclusion must be specifically limited in time and justified on the record with reference to facts).

■ Lundberg's fifth contention is that the government failed to introduce sufficient evidence to support his conviction for conspiracy, and specifically asserting that Schuppert did not testify regarding an agreement to the mailing and falsification of IRS Summons Termination forms. Because Lundberg did not move for judgment of acquittal at the close of trial, we review only to prevent a manifest miscarriage of justice or for plain error. *See United States v. Barragan,* 263 F.3d 919, 922 (9th Cir.2001).

Viewing the evidence in the light most favorable to the government, we find sufficient evidence to sustain Lundberg's conviction. The government introduced evidence on which a "rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt," *id.,* including evidence that Schuppert faxed Lundberg the false Summons Termination forms *prior* to mailing them and that Schuppert was advised by Lundberg which businesses should *not* receive a false form. Accordingly, sufficient evidence existed to

convict Lundberg for conspiracy. *Id.* ("To establish a . . . conspiracy, the government must prove: 1) an agreement to accomplish an illegal objective; and 2) the intent to commit the underlying offense" (internal quotation omitted)).

■ Similarly, Lundberg did not raise at trial his sixth contention, that he was prejudiced by his witness testifying in orange prison clothes, therefore, our review is limited to plain error. *United States v. Percy,* 250 F.3d 720, 728 (9th Cir.), *cert. denied,* —— U.S. ——, 122 S.Ct. 493, 151 L.Ed.2d 405 (2001). Because Lundberg called Schuppert to the stand and actually sought and elicited testimony that Schuppert was in custody, Lundberg's substantial rights were not affected. *See Villafuerte v. Stewart,* 111 F.3d 616, 628 (9th Cir.1997) (per curiam) (concluding that where jury receives testimony that claimant is in custody, then any error related to the use of prison clothing did not affect jury verdict).

■ Lundberg next renews his claim that the district court incorrectly determined $91,886 as the amount of loss for purposes of setting his base offense level under U.S.S.G. §§ 2T1.9 and 2T4.1. We review de novo the district court's application of the Sentencing Guidelines, and the factual findings underlying the sentencing decision for clear error. *United States v. Barnes,* 125 F.3d 1287, 1290 (9th Cir.1997).

The district court properly found that the object of the conspiracy was to obstruct the IRS from determining Lundberg's tax liability, and therefore, the amount of loss under the guidelines was the amount of the intended tax loss to the IRS. *See* U.S.S.G. § 2T1.1(c)(1) (stating that tax loss is the amount of loss that would have resulted had the offense been successfully completed). After hearing testimony that Lundberg had not filed tax returns for 1996 and 1997, yet had all his expenses, credit card debts, and home con-

struction costs paid off by a trust of which Lundberg was trustee, the district court found by clear and convincing evidence that the amount of the intended loss to the IRS was $91,886. Given the evidence received at the sentencing hearing, we find no error in the district court's application and calculation of the intended tax loss.

Finally, we reject Lundberg's claim that the district court exhibited bias and prejudice against him during a bail hearing because our review of the record reveals nothing to support this accusation. *Lucas v. United States*, 325 F.2d 867, 870 (9th Cir.1963) (concluding that while a defendant may be aggrieved by a court's adverse rulings, they alone do not support reversal).

**AFFIRMED.**

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.