UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee,*

v.                                                    No. 02-4010

WILLIE HOWARD SPENCER,
    *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Malcolm J. Howard, District Judge.
(CR-00-179)

Argued: December 6, 2002

Decided: December 27, 2002

Before LUTTIG and TRAXLER, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

## COUNSEL

**ARGUED:** George Alan DuBois, Assistant Federal Public Defender,
Raleigh, North Carolina, for Appellant. Michael Gordon James,
Assistant United States Attorney, Raleigh, North Carolina, for Appel-
lee. **ON BRIEF:** Thomas P. McNamara, Federal Public Defender,
Jane E. Pearce, Research and Writing Attorney, Raleigh, North Caro-
lina, for Appellant. Frank D. Whitney, United States Attorney, Anne
M. Hayes, Assistant United States Attorney, Raleigh, North Carolina,
for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Willie Spencer was tried and convicted of violating, *inter alia*, 18 U.S.C. §§ 922(a)(6) and 924(a)(1)(A), each of which render it unlawful to make certain false statements in the course of purchasing a firearm from a federally licensed firearms dealer. On appeal, Spencer argues that the district court plainly erred in violation of his Sixth Amendment rights when the court failed to instruct the jury that it must be unanimous in finding at least one particular statement false in order to find Spencer guilty. For the reasons that follow, we conclude that the district court did not commit plain error. Accordingly, we affirm Spencer's conviction.

I.

The evidence at trial showed the following. Montiqua Bryant, a drug dealer, approached Spencer and asked him to purchase firearms for Bryant. Spencer agreed to purchase the firearms because he needed the money to support his drug habit. Bryant and Spencer went to Uncle Todd's Gun Shop and the Swap Shop, where Bryant told Spencer which firearms to purchase.

On June 18, 1996, Spencer filled out a Bureau of Alcohol, Tobacco, and Firearms Form 4473 at Uncle Todd's Gun Shop for the purpose of purchasing a 9mm Ruger Pistol. Section A of Form 4473 states that the form must be completed personally by the actual purchaser. Section A also refers readers to a warning on the form regarding "straw purchases." The warning states that "[a] 'straw purchase' occurs when the actual buyer uses another person (the straw purchaser) to execute an ATF Form 4473 purporting to show that the straw purchaser is the actual buyer. Straw purchases also place the straw purchaser and the actual buyer in violation of law." J.A. 325. In addition, question 8.d on the Form 4473 asked Spencer if he was

"an unlawful user of, or addicted to, marijuana, or any depressant, stimulant, or narcotic drug, or any other controlled substance?" *Id.* at 324. Spencer responded "No." *Id.* He signed the form certifying that his answers were true and correct and that he was the actual buyer of the firearm.

After completing the form and obtaining the firearm, Spencer left the store and placed the firearm in Bryant's car. Bryant gave Spencer $100 worth of crack cocaine for obtaining the firearm. On June 15 and 28, 1996, Spencer purchased firearms from the Swap Shop. At each visit, Spencer filled out a Form 4473. On the form, Spencer denied being a drug user. After purchasing the firearms, Spencer conveyed them to Bryant. In each case, Bryant selected the guns for purchase and provided the money.

Spencer, and two co-defendants, were named in a thirteen count indictment charging violations of federal firearms laws. After a mistrial due to jury deadlock, the government filed a superceding indictment against Spencer and one other co-defendant. The indictment charged Spencer with, among other things, one count of conspiring to make false and fictitious statements in relation to the purchase of a firearm (Count 1), in violation of 18 U.S.C. § 371, one count of making false and fictitious statements to a federally licensed firearms dealer in relation to the purchase of a firearm (Count 3), in violation of 18 U.S.C. § 922(a)(6), and one count of making false statements and representations with respect to information required to be kept by a federally licensed firearms dealer (Count 4), in violation of 18 U.S.C. § 924(a)(1)(A). With respect to Counts 3 and 4, the indictment alleged that Spencer made a false statement when he represented that he "was not an unlawful user of, or addicted to, narcotic drugs or other controlled substances and that Defendant purchased the aforementioned firearm as the actual buyer of the firearm," J.A. 61, because in fact he was an unlawful user of or addicted to drugs and was not the actual buyer of the firearm. *Id.* at 60-61.

As to all counts, the district judge instructed the jury that it must be unanimous. With respect to Counts 3 and 4, the district court did not specifically instruct the jury that it must be unanimous as to which of the two statements, as charged by the government, were false. The jury found Spencer guilty of Counts 1, 3, and 4. Spencer was sen-

tenced to 18 months' imprisonment. He has filed a timely notice of appeal, in which he challenges for the first time the jury instructions given by the district court.

## II.

Spencer did not object to the jury instructions in the district court, and thus we review his claim for plain error. Under the plain error standard, Spencer must show that (1) there was error; (2) the error was plain; and (3) the error affected his substantial rights. *United States* v. *Olano*, 507 U.S. 725, 732 (1993). If Spencer satisfies those elements, the court may exercise its discretion to notice the error only if the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks omitted).

The district court instructed the jury as follows. For Count 3,[1] the district court stated that Spencer was charged with "making the false statement that he was not addicted to or an unlawful user of any controlled substance *and* that he was the actual buyer of the firearm purchased . . . . That he was an unlawful user of controlled substances *or* he was the actual buyer." J.A. 298 (emphasis added). For Count 4,[2] the district court instructed the jury that Spencer was charged with falsely stating on the Form 4473 that he "was not an unlawful user or addicted to a controlled substance *and* that [he] was the actual buyer of the firearm." *Id.* at 299 (emphasis added).

Spencer argues that the instruction violated his Sixth Amendment right to a unanimous finding of guilt because the jury could have believed that it could convict without unanimously agreeing on one particular false statement. "Conviction of an offense requires a finding of guilt beyond a reasonable doubt as to each and every element

---

[1]Under section 922(a)(6), the offense charged in Count 3, one element is knowingly making "any false or fictitious oral or written statement . . . with respect to any fact material to the lawfulness of the sale" in the acquisition of a firearm from a licensed dealer. 18 U.S.C. § 922(a)(6).

[2]Under section 924(a)(1)(A), the offense charged in Count 4, one element of the offense is making a "false statement or representation" with respect to information required to be kept by a licensed gun dealer. 18 U.S.C. § 924(a)(1)(A).

of the offense charged in the indictment. In cases where a defendant is tried before a jury, the Sixth Amendment guarantees that the jury's findings of guilt be unanimous." *United States* v. *Sarihifard*, 155 F.3d 301, 309-10 (4th Cir. 1998) (internal citation omitted). In a different context, this court has stated that "[a] special unanimity instruction is required only when there is a genuine risk of juror confusion or that a conviction could result from different jurors having concluded that the defendant committed quite different acts within those of a pre-scribed set or among multiple means of violating a statute." *United States* v. *Tipton*, 90 F.3d 861, 885 (4th Cir. 1996) (concerning viola-tions of the continuing criminal enterprise statute and whether there was jury unanimity as to the predicate violations element of the stat-ute); *see also Sarihifard*, 155 F.3d at 310 (noting, in the context of a perjury prosecution involving numerous allegedly false statements, that "[o]ften, a trial judge will have to provide a special unanimity instruction in order to prevent confusion"). In this case, the district court's instruction is subject to multiple interpretations. For example, the jury could have interpreted the instruction as requiring them to unanimously find that *both* statements were false. But, we agree with Spencer that the jury could also have interpreted the instruction as allowing them to disagree as to which statement was false and still convict just so long as all agreed that some false statement was made.

We need not decide, however, whether the district court's instruc-tion was erroneous. Even assuming that the district court erred, Spen-cer's challenge fails because the error was not plain. Spencer has pointed to no case which holds that a specific unanimity instruction is necessary when multiple false statements are alleged in the con-junctive as elements of a section 922(a)(6) or a section 924(a)(1)(A) offense. Indeed, precedent dealing with similar problems is mixed. *Compare Tipton*, 90 F.3d at 885, *with United States* v. *McCormick*, 72 F.3d 1404, 1409 (9th Cir. 1995) (considering a similar argument made by a defendant charged with making a false statement in an application for a passport and concluding that "consensus by the jury on a particular false statement is not required"). Thus, it cannot be said that the error was "obvious." *Olano*, 507 U.S. at 734.

Moreover, even were the error plain, Spencer has not met his bur-den of showing that the error "actually affected the outcome of the proceedings." *United States* v. *Hastings*, 134 F.3d 235, 240 (4th Cir.

1998). Spencer asserts that he was prejudiced because some of the jurors may have found him guilty of falsely claiming to be the actual purchaser and others may have found him guilty of falsely claiming not to be a drug user with no unanimous consensus as to either. But, in order to carry his burden of demonstrating prejudice, Spencer must do more than speculate. The government presented ample evidence of Spencer's drug use,[3] and the jury could have convicted on both Counts 3 and 4 based on his false statements with respect to drug use. *See Sarihifard*, 155 F.3d at 310 ("[W]hen an indictment charges multiple instances of conduct listed in the conjunctive, a jury verdict of guilty will stand if the jurors unanimously agree as to only one of the instances of conduct alleged in the indictment.").

Because Spencer cannot demonstrate that the outcome of his trial would have been different had the district court given a specific unanimity instruction, his conviction must stand.[4] Because Spencer can-

---

[3]Evidence showed that Spencer agreed to purchase firearms because he needed the money to purchase crack cocaine. J.A. 200. Evidence also established that he received crack cocaine in exchange for his purchases. *Id*. at 174. In addition, Spencer's sister testified that she smoked crack cocaine with him on occasion in 1996. *Id*. at 77-78. Furthermore, Spencer's cousin claimed he smoked crack cocaine with Spencer. *Id*. at 117.

[4]Spencer also raises a challenge to the sufficiency of the evidence to support the jury's verdict on Count 3. Specifically, Spencer argues that he did not make a material false statement in his acquisition of a firearm because he accurately represented that he was the buyer of the firearm. In the alternative, he argues that because Bryant was eligible to purchase the firearms, any misrepresentation as to the identity of the purchaser was not material to the lawfulness of the sale. *See United States* v. *Polk*, 118 F.3d 286, 295 (5th Cir. 1997) (holding that "if the true purchaser can lawfully purchase a firearm directly, § 922(a)(6) liability (under a 'straw purchase' theory) does not attach"). While Spencer's latter argument may have merit, we do not reach it. The government put on evidence at trial showing that a misrepresentation as to drug use was material to the sale. *See* J.A. 153 (Testimony of Joseph Franklin Sauls, a former employee of Uncle Todd's Gun Shop: "Q: And Question 8.d is in reference to what? A: Are you an unlawful user of or addicted to marijuana or any depressant, stimulant, narcotic drug, or any other controlled substance. Q: Now, had the answer been yes, would you have conducted the transaction? A: No."). Because the jury could have determined that Spencer lied with respect to drug use, a statement material to the sale of a firearm, the guilty verdict on Count 3 must stand.

not show plain error, the judgment of the district court is affirmed.

*AFFIRMED*