**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 14 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>JUAN C. TENORIO,<br><br>Defendant - Appellant. | No. 09-10022<br><br>D.C. No. 1:07-cr-00078-1<br><br>MEMORANDUM* |
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>CHARLENE F. TENORIO,<br><br>Defendant - Appellant. | No. 09-10023<br><br>D.C. No. 1:07-cr-00078-2 |

Appeal from the United States District Court
for the District of Guam
Frances Tydingco-Gatewood, Chief District Judge, Presiding

_____

*	This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Submitted April 12, 2010[]
San Francisco, California

Before: NOONAN and CALLAHAN, Circuit Judges, and MARTINEZ, District Judge.[***]

Juan and Charlene Tenorio appeal from their convictions for bankruptcy fraud. They argue that there was insufficient evidence to support the jury's determinations that certain accounts receivable belonged to the bankruptcy estate and that Charlene had the intent to fraudulently conceal interests in insurance policies. We have jurisdiction over these appeal pursuant to 28 U.S.C. § 1291 and we affirm their convictions.

Where, as here, a motion for acquittal is denied, we review de novo "whether sufficient evidence exists to support a guilty verdict." *United States v. Stewart*, 420 F.3d 1007, 1014 (9th Cir. 2005). We further noted that "[i]n reviewing for sufficiency of the evidence, we assess the evidence in the light most favorable to the prosecution, determining whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id*. at 1014-15 (internal quotation marks and citations omitted).

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Ricardo S. Martinez, United States District Judge for the Western District of Washington, sitting by designation.

We determine that there was substantial evidence to support the jury's determination that monthly payments were made by or on behalf of Hong Kong Entertainment (Overseas) Investment Limited to Juan and that he did not list them in either his corporate or personal bankruptcy petitions.[1]  These payments should have been revealed to the bankruptcy court.  *See* 11 U.S.C. § 541(a)(1).  There was evidence that Juan used some of these payments to make payments on a personal bank loan.  Moreover, evidence that Juan opened a bank account in his mother's name and directed that the payments be made to that account support the determination that he intended to conceal the payments.

The insurance policies also should have been revealed to the bankruptcy court.  *See* 11 U.S.C. § 541(a)(1).  There was evidence that Charlene handled the household's finances, paid the insurance premiums, had inquired about the insurance policies surrender values, and knew that her husband had obtained two loans from his policies.  She nonetheless read and signed the bankruptcy petition which fails to mention the policies.  These facts distinguish this case from *United States v. McCormick*, 72 F.3d 1404 (9th Cir. 1995), where the wife did not read the petition before signing it.

---

[1]  Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our decision.

3

We conclude that the evidence, when viewed in the light most favorable to the prosecution, *see Stewart*, 420 F.3d at 1015, was sufficient to sustain the jury's determinations that (1) the accounts receivable belonged to the defendants' estate and that Juan intended to conceal them, and (2) Charlene had the specific intent to conceal the insurance policies that also belonged to the bankruptcy estate. The convictions of Juan and Charlene Tenorio for bankruptcy fraud are **AFFIRMED**.