**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

TERANCE TAYLOR PRIGGE,
*Defendant-Appellant.*

No. 15-10260

D.C. No.
2:13-cr-01363-GMS-1

OPINION

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, District Judge, Presiding

Submitted July 21, 2016[*]
San Francisco, California

Filed July 29, 2016

Before: Susan P. Graber and Richard C. Tallman, Circuit
Judges, and Jed S. Rakoff,[**] District Judge.

Opinion by Judge Tallman

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[**] The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

## SUMMARY[***]

### Criminal Law

The panel affirmed a conviction in a case in which the defendant alleged two errors: (1) the district court's failure in advance of trial to preclude the government from impeaching the defendant with his fourteen-year-old prior conviction if he testified; and (2) the district court's refusal to sever three counts from the five-count indictment.

The panel held that the holding in *Luce v. United States*, 469 U.S. 38 (1984) (in order to raise and preserve for review a claim of improper impeachment with a prior conviction, a defendant must testify), applies to *in limine* rulings under Fed. R. Evid. 404(b) – that is, in order to appeal a Rule 404(b) pretrial ruling, the evidence subject to that ruling must be presented at trial. The panel held that because the defendant did not testify, his first assignment of error is unreviewable.

The panel held that the district court did not err in denying the defendant's motion to sever counts because the defendant cannot show prejudice from the joinder.

---

[***] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Robert J. McWhirter, ASU Alumni Law Group, Phoenix, Arizona, for Defendant-Appellant.

Alexander W. Samuels, Assistant United States Attorney; Krissa M. Lanham, Deputy Appellate Chief; John S. Leonardo, United States Attorney; United States Attorney's Office, Phoenix, Arizona; for Plaintiff-Appellee.

**OPINION**

TALLMAN, Circuit Judge:

Terance Taylor Prigge appeals his conviction by jury trial for various drug trafficking and money laundering offenses. Prigge asks that we reverse his conviction because of two alleged errors: (1) the district court's failure in advance of trial to preclude the government from impeaching Prigge with his fourteen-year-old prior conviction if he testified; and (2) the district court's refusal to sever three counts from the five-count indictment. We hold that Prigge's first assignment of error is unreviewable on appeal because he did not testify and that the district court did not err in denying Prigge's motion to sever counts because Prigge cannot show prejudice from joinder. We affirm.

I

The evidence at trial showed that Prigge engaged in a multi-year effort, involving his co-defendant, Matthew Gruender, prosecution witness Shane Grafman, and others, to move large quantities of Central American cocaine to

Chicago by a common *modus operandi*—chartering private planes to land at outlying suburban airports to evade close law enforcement scrutiny. Although various players entered and exited the conspiracy during this period, the goals and methods of the conspiracy remained the same. The operative indictment charged Prigge with five counts, spanning conduct from April 2010 to September 2013. While some counts in the indictment focused on Prigge's operations in 2013 with Gruender, other counts focused more on his 2010 conduct with Grafman. Count One, however, charged Prigge with an overarching Conspiracy to Possess with Intent to Distribute throughout this time period, including his deals with Gruender and other individuals such as Grafman. Prigge did not testify at trial and was ultimately convicted of all five counts charged in the indictment.

II

Because he did not testify, Prigge did not preserve his claim that the district court erred in failing to preclude evidence of his prior conviction. Before trial the government informed the court that, if Prigge testified, it might seek to use Prigge's prior felony conviction[1] on cross-examination or rebuttal. Importantly, the government sought to introduce Prigge's prior conviction under Federal Rule of Evidence 404(b), which allows evidence of prior acts for non-character purposes.[2] Prigge responded by moving *in limine* to preclude

---

[1] Prigge's prior conviction was for a state drug-trafficking offense. Prigge served approximately seven years for that conviction and was released in 2001.

[2] The government stated, however, that it would use Prigge's prior conviction only if Prigge took the stand and denied knowledge or intent.

the use of his prior conviction for *any* purpose because of its age. The district court declined to make the *in limine* ruling in a vacuum, and instead reserved the issue for trial, where it would have more context on which to rely in making an evidentiary ruling. Below and on appeal, Prigge does not argue that admission of his prior conviction would be improper under Rule 404(b), but rather that the timing requirements and balancing test from Federal Rule of Evidence 609(b) apply to any conviction introduced under Rule 404(b) that is more than ten years old. We decline to reach this argument and instead hold that Prigge's claim is barred on appeal by *Luce v. United States*, 469 U.S. 38 (1984).**³**

The Supreme Court held in *Luce* that, "to raise and preserve for review the claim of improper impeachment with a prior conviction, a defendant must testify." *Id.* at 43. In *Luce*, the defendant sought to preclude the government from using his prior conviction for impeachment purposes under Rule 609(a), and the district court held that the government could introduce the conviction if the defendant testified in a certain way. *Id.* at 39–40. The defendant in *Luce* chose not to testify. *Id.* at 40. On appeal, the Supreme Court held it

---

**³** We note that Prigge is confused about the relationship between Rule 404(b) and Rule 609(b). The onerous standards for admission under Rule 609(b) do not apply to convictions admitted for a non-character purpose under Rule 404(b). *See United States v. Rubio-Gonzalez*, 674 F.2d 1067, 1075 (5th Cir. 1982) ("[E]vidence admitted under Rule 404(b) is not controlled by the ten-year limit specified in Rule 609(b), which applies to the quite different matter of admitting evidence of prior convictions to impeach a witness."); *see also United States v. Spillone*, 879 F.2d 514, 519 (9th Cir. 1989) (declining to "adopt an inflexible rule excluding evidence of prior bad acts [under Rule 404(b)] after a certain amount of time elapses").

could not review the impeachment issue. *Id.* at 43. The *Luce* Court gave two primary reasons for its holding. First, trial courts cannot be expected to rule in a vacuum and often must have the full context of trial testimony to balance the prejudice and probative value of the evidence offered. *Id.* at 41–42. And, second, any harm from the *in limine* ruling was "wholly speculative" because the government might have decided not to use the conviction or the court might have altered its tentative ruling at trial after hearing the defendant's testimony. *Id.* The Court also explained that harmless error review is impractical in this situation because, first, there is no way to know whether the defendant's decision not to testify was based on the district court's *in limine* ruling and, second, the reviewing court cannot, in the absence of greater context, assess the impact of any alleged harm to the defendant. *Id.* at 42–43.

A narrow reading of *Luce*, as urged by Prigge and two concurring Justices in *Luce*, suggests that it bars only appeals based on Rule 609(a). *See id.* at 43–44 (Brennan, J., concurring). But that narrow reading has since been rejected by our court and others. For example, we have already extended *Luce* to *in limine* rulings under Rule 403. *United States v. Johnson*, 903 F.2d 1219, 1222 (9th Cir. 1990).[4] Although we have never explicitly extended *Luce* to the Rule

---

[4] The facts of *Johnson* are illustrative. In *Johnson*, the district court ruled *in limine* that, if the defendant testified, the government would be allowed to ask him to try on some clothing because, under Rule 403, the probative value of that clothing demonstration outweighed any danger of unfair prejudice. 903 F.2d at 1221–22. The *Johnson* defendant chose not to testify, but then attempted to appeal the district court's ruling. *Id.* We refused to review the issue, citing *Luce* and holding that we could only speculate as to the prejudicial effect of the clothing demonstration because the defendant did not actually testify and try on the clothes. *Id.* at 1222.

404(b) context, other circuits have uniformly held that *Luce* applies to pretrial 404(b) decisions. *United States v. Hall*, 312 F.3d 1250, 1255–58 (11th Cir. 2002); *United States v. Ortiz*, 857 F.2d 900, 905–06 (2d Cir. 1988); *United States v. Johnson*, 767 F.2d 1259, 1270 (8th Cir. 1985).

We join our sister circuits in holding explicitly that *Luce* applies to *in limine* rulings under 404(b). That is, in order to appeal a Rule 404(b) pretrial ruling, the evidence subject to that ruling must be presented at trial. *See Ortiz*, 857 F.2d at 906 ("The proper method to preserve a claim of error in similar circumstances is to take the position that leads to the admission of the adverse evidence, in order to bring a fully developed record to this [c]ourt."). Extending *Luce* to this situation makes sense, as the two rationales underlying *Luce* apply equally in the 404(b) context. First, the district court often needs the context of the trial to evaluate the probative value and prejudice of Rule 404(b) evidence and to ensure it is being used for a purpose authorized by the rule. Second, the party seeking to introduce other act evidence under Rule 404(b) may always decide not to do so at trial, or the court may change its mind, so any harm is speculative unless the evidence is admitted. Here, Prigge's prior conviction was never introduced at trial because he chose not to testify. Thus, we hold that *Luce* bars his claim on appeal.

III

We also affirm the district court's denial of Prigge's motion to sever counts because Prigge has failed to show any prejudice from joinder. The government charged Prigge with five counts, spanning conduct from April 2010 to September 2013. Prigge argues that the district court erred under Federal Rules of Criminal Procedure 8(a) and 14 by allowing Counts

Two, Four, and Five to be joined with Counts One and Three. According to Prigge, Counts One and Three involve his dealings in 2013 with co-defendant Matthew Gruender (what Prigge terms the "Gruender/Prigge Conspiracy"), while Counts Two, Four, and Five involve his conduct in 2010 with other individuals, including prosecution witness Shane Grafman (which Prigge terms the "Grafman Conspiracy"). Assuming that Prigge preserved an objection under both Rule 8(a) and Rule 14,[5] we reject his claims for lack of prejudice.

Counts are properly joined under Federal Rule of Criminal Procedure 8(a) if they "are of the same or similar character, or are based on the same act or transaction, or are connected or constitute parts of a common scheme or plan." Reversal for improper joinder under Rule 8(a) is appropriate only if the defendant can show actual prejudice. *United States v. Rousseau*, 257 F.3d 925, 932 (9th Cir. 2001). Even if counts are correctly joined initially under Rule 8(a), the district court may still sever the counts under Rule 14 if joinder is "manifestly prejudicial." *United States v. Johnson*, 820 F.2d 1065, 1070 (9th Cir. 1987) (quoting *United States v. Seifert*, 648 F.2d 557, 563 (9th Cir. 1980)). Thus, although claims under Rule 8(a) and Rule 14 present different questions, it is clear that there is no error under either rule if joinder was not prejudicial. Joinder is not prejudicial where

---

[5] Defendants must separately preserve Rule 8(a) objections to joinder and Rule 14 severance motions. *See United States v. Smith*, 795 F.2d 841, 850 (9th Cir. 1986). Here, Prigge moved to sever Count Four before trial, and he renewed his motion during trial, asking the district court to sever Counts Two, Four, and Five. It appears both motions were more focused on improper joinder under Rule 8(a), but because Prigge also discussed prejudice (which is relevant to a Rule 14 inquiry), and because the government has not argued waiver, we address his arguments under both Rule 8(a) and Rule 14.

"all of the evidence of the separate count would [still] be admissible upon severance." *Id.* We review misjoinder under Rule 8(a) de novo and refusal to sever under Rule 14 for abuse of discretion. *United States v. Jawara*, 474 F.3d 565, 572 (9th Cir. 2007); *Smith*, 795 F.2d at 850.

We hold that the district court did not err in refusing to sever Counts Two, Four, and Five because Prigge has failed to show any prejudice from their inclusion at trial. Prigge argues that these counts improperly focus on his 2013 conduct, but he failed to argue that Count One should be severed and Count One covers his conduct in both 2010 *and* 2013. Although Counts Two and Five have little to do with co-defendant Matthew Gruender, any evidence relevant to those counts would also have been admissible under Count One. In other words, even if the court had granted Prigge's motion for severance, the trial would have looked the same—the allegedly prejudicial testimony of prosecution witness Shane Grafman would have been admissible to prove up Count One. Thus, we reject Prigge's severance and joinder arguments under Rule 8(a) and Rule 14 because he cannot show prejudice.

IV

In an issue of first impression in the Ninth Circuit, we join our sister circuits in holding that *Luce* extends to *in limine* rulings under Rule 404(b), and therefore bars our consideration of Prigge's first issue on appeal. We affirm the district court's rejection of Prigge's severance motion because he cannot show prejudice from the joinder of Counts Two, Four, and Five. Prigge's conviction is therefore

**AFFIRMED.**