**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

SEP 24 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   18-50070 |
| Plaintiff-Appellee, | D.C. No. 8:16-cr-00113-JLS-10 |
| v. | |
| JAVED ASEFI, AKA Joey, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Josephine L. Staton, District Judge, Presiding

Argued and Submitted September 10, 2019
Pasadena, California

Before: WARDLAW, BENNETT, and MILLER, Circuit Judges.

Javed Asefi appeals his conviction and 24-month sentence for RICO conspiracy, bribery, making false statements in a citizenship application, and criminal contempt. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

**1.**     Asefi first argues that the district court erred in denying his motion to dismiss Count 1 of the indictment, the RICO conspiracy charge. "We review the

_____

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

1

denial of a motion to dismiss an indictment for facial invalidity or insufficiency de novo." *United States v. Frega*, 179 F.3d 793, 805 n.10 (9th Cir. 1999). Like the district court, we are "bound by the four corners of the indictment, must accept the truth of the allegations in the indictment, and cannot consider evidence that does not appear on the face of the indictment." *United States v. Kelly*, 874 F.3d 1037, 1047 (9th Cir. 2017).

Asefi argues that the indictment is insufficient for failing to allege that the activities of the RICO enterprise (here, the Orange County Superior Court) "substantially affect" interstate commerce. This is incorrect. "Because RICO is aimed at activities which, in the aggregate, substantially affect interstate commerce, 'all that is required to establish federal jurisdiction in a RICO prosecution is a showing that the individual predicate racketeering acts have a de minimis impact on interstate commerce.'" *Frega*, 179 F.3d at 800 (quoting *United States v. Juvenile Male*, 118 F.3d 1344, 1348 (9th Cir. 1997)).

The indictment alleged that the Superior Court, which "constituted an enterprise as that term is defined" by RICO, "was engaged in, and its activities affected, interstate commerce." That allegation, which tracks the jurisdictional language of the RICO statute (18 U.S.C. § 1962(c)), and the truth of which we "must accept," *Kelly*, 874 F.3d at 1047, satisfies the government's pleading

2

burden, the RICO statute, and the Commerce Clause. The district court did not err in failing to dismiss Count 1.

2. Asefi next contends that Count 4 (making false statements in a naturalization proceeding) was improperly joined with the RICO and bribery charges. He also claims that even if Count 4 were properly joined under Rule 8 of the Federal Rules of Criminal Procedure, the district court erred in denying his Rule 14 motion to sever Count 4. "We review misjoinder under Rule 8(a) de novo and refusal to sever under Rule 14 for abuse of discretion." *United States v. Prigge,* 830 F.3d 1094, 1098 (9th Cir. 2016).

"It is well settled that the motion to sever 'must be renewed at the close of evidence or it is waived.'" *United States v. Alvarez*, 358 F.3d 1194, 1206 (9th Cir. 2004) (quoting *United States v. Restrepo*, 930 F.2d 705, 711 (9th Cir. 1991)). An exception to this rule exists where "a renewal at the close of all evidence would constitute an unnecessary formality." *United States v. Felix-Gutierrez*, 940 F.2d 1200, 1208 (9th Cir. 1991). Asefi did not renew his motion to sever at trial and has not shown renewal was an unnecessary formality. Because Asefi did not renew his motion for severance at trial, the district court had no reason to believe the prejudice cited by Asefi prior to trial manifested during trial. *See United States v. Kaplan*, 554 F.2d 958, 966 (9th Cir. 1977). Thus, Asefi has waived his severance claim.

As for joinder, proof of Asefi's involvement in the courthouse bribery scheme (and later lies to the FBI) would support a conviction on Count 4. Because "the same facts must be adduced to prove each of the joined offenses," *United States v. Portac, Inc.*, 869 F.2d 1288, 1294 (9th Cir. 1989), joinder was proper here. Asefi did not raise his claim for retroactive misjoinder below, and thus waived it.

**3.**     Asefi next argues that Count 4 was duplicitous because it lumped many false statements together under the same charge and therefore permitted the jury to convict without unanimously finding that Asefi made any one false statement. We review this issue de novo. *United States v. Martin*, 4 F.3d 757, 759 (9th Cir. 1993). We are guided by the "presumption against construing penal statutes so as to lead to multiple punishment." *United States v. UCO Oil Co.*, 546 F.2d 833, 837 (9th Cir. 1976).

Count 4 alleged a violation of 18 U.S.C. § 1015(a), which prohibits "knowingly mak[ing] any false statement under oath, in any case, proceeding, or matter relating to, or under, or by virtue of any law of the United States relating to naturalization, citizenship, or registry of aliens." Given the presumption, and the statute's repeated use of the word "any," we conclude that multiple false statements in a single naturalization document simply constitute "multiple ways of committing the same offense." *United States v. Arreola*, 467 F.3d 1153, 1161 (9th

4

Cir. 2006); *see also United States v. McCormick*, 72 F.3d 1404, 1409 (9th Cir. 1995) (no error in failing to give a specific unanimity instruction on an indictment that charged multiple false statements in a single passport application).

**4.** Asefi makes three challenges to the jury instructions on the RICO conspiracy count: (1) the jury should have been instructed that to convict, it must find that he "agreed personally to facilitate the activities of the enterprise"; (2) the jury should not have been given a "deliberate ignorance" instruction; and (3) the jury should have received a multiple conspiracies instruction.

First, to the extent that Asefi argues that the district court misstated the elements of a RICO charge in its jury instructions, we review that issue de novo. *See United States v. Spillone*, 879 F.2d 514, 525 (9th Cir. 1989). The jury was properly instructed on the elements of a RICO offense. The instructions required the government to prove that Asefi "joined an agreement knowing of its objective to participate" in the enterprise, and prove that Asefi agreed to "facilitate . . . a scheme which . . . constitutes a RICO violation" where another was employed by or associated with the enterprise and participated in the management of the enterprise. The instructions thus properly instructed the jury that to convict, they had to find that Asefi was "aware of the essential nature and scope of the enterprise and intended to participate in it." *United States v. Fernandez*, 388 F.3d 1199, 1230 (9th Cir. 2004) (internal quotations and citations omitted).

5

Second, regardless of whether plain error or de novo review applies, Asefi has not shown that the district court erred in giving a deliberate ignorance instruction (also known as a "*Jewell*" instruction for *United States v. Jewell*, 532 F.2d 697, 702 (9th Cir. 1976)). We have repeatedly held that a *Jewell* instruction is proper in specific-intent cases (including conspiracy cases). *See United States v. Ramos-Atondo*, 732 F.3d 1113, 1120 (9th Cir. 2013) (rejecting appellants' argument that "it is impossible to conspire to be deliberately ignorant" and holding that "the *Jewell* standard eliminates the need to establish such positive knowledge to obtain a conspiracy conviction");[1] *United States v. Heredia*, 483 F.3d 913, 922 & n.13 (9th Cir. 2007) (en banc) (approving of *Jewell* instruction in possession-with-intent-to-distribute prosecution, and observing that "willful blindness is tantamount to knowledge"); *United States v. Nosal*, 844 F.3d 1024, 1039–40 (9th Cir. 2016) (approving *Jewell* instruction in aiding-and-abetting case). Asefi's defense invited the deliberate ignorance instruction here, and the district court did not err in instructing the jury.

---

[1] Asefi does not argue on appeal that the factual predicate for the *Jewell* instruction was lacking. Nor could he plausibly do so. The thrust of Asefi's defense to the RICO conspiracy charge was that he believed (even though one of the fixed tickets was his) that he was passing payments and information on to a lawyer who legitimately resolved the tickets, and that he did not ask questions about how the tickets were being dismissed.

Third, the district court did not err by refusing to give a multiple conspiracies instruction, regardless of the standard of review applied, *see United States v. Job*, 871 F.3d 852, 867 (9th Cir. 2017). Because Asefi stood trial alone, no multiple conspiracies instruction was required. *See United States v. Chen Chiang Lui*, 631 F.3d 993, 1000 (9th Cir. 2011).

**5.** Finally, Asefi argues that cumulative error requires reversal. But because we find no individual error, there was no cumulative error. *See United States v. Franklin,* 321 F.3d 1231, 1241 n.4 (9th Cir. 2003) ("Because no individual errors underlying [Franklin's] convictions have been demonstrated, no cumulative error exists.").

**AFFIRMED.**