NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 7 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> CRUZ NOEL QUINTERO, <br><br> Defendant - Appellant. | No. 23-1350 <br><br> D.C. No. 2:19-cr-00766-CAS-1 <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Argued and Submitted December 8, 2025
Pasadena, California

Before: M. SMITH, CHRISTEN, and FORREST, Circuit Judges.

Defendant-Appellant Cruz Noel Quintero timely appeals his convictions following a jury trial on various weapons and drug-related charges. We have jurisdiction under 28 U.S.C § 1291, and we affirm.

1.     *Motion to Suppress.* Quintero first argues that the district court erred in denying his motion to suppress evidence seized from the vehicle he was driving

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

immediately before his arrest because it was outside the scope of the search warrant.[1]

"A search is unreasonable under the Fourth Amendment, and thus unconstitutional, if it is performed without proper judicial authorization." *United States v. Hurd*, 499 F.3d 963, 966 (9th Cir. 2007). "Suppression is generally the proper remedy when the police go beyond the scope of an authorized search warrant by searching places or seizing evidence not included in the warrant." *Id.* We review the district court's underlying factual findings for clear error and the ultimate question of whether a search adhered to the warrant de novo. *Id.* at 965. We determine whether a search falls outside the scope of the warrant "through an objective assessment of the circumstances surrounding the issuance of the warrant, the contents of the search warrant, and the circumstances of the search." *United States v. Hitchcock*, 286 F.3d 1064, 1071 (9th Cir. 2002), *opinion amended and superseded on other grounds*, 298 F.3d 1021 (9th Cir. 2002).

Here, officers had a warrant permitting them to search "all vehicles registered to, used by, under the control of, or found at the listed [residences] that are connected to" Quintero. Officers observed Quintero driving away from one of the residences listed in the search warrant; surveilled him for a few blocks; and then pulled him over, arrested him, and searched the vehicle. Under these circumstances, it cannot

---

[1]Quintero forfeited his arguments challenging the validity of the warrant on appeal by failing to raise them before the district court. *See United States v. Magdirila*, 962 F.3d 1152, 1156–57 (9th Cir. 2020).

reasonably be disputed that the warrant authorized the officers' search of the vehicle that Quintero was driving. Therefore, we affirm the district court's denial of Quintero's motion to suppress.

**2.** ***Motion to Sever.*** Federal Rule of Criminal Procedure 8(a) permits joinder of offenses if they are (1) "of the same or similar character," (2) "based on the same act or transaction," or (3) "connected with or constitute parts of a common scheme or plan." In evaluating joinder under Rule 8(a), we consider only the allegations in the indictment. *United States v. Jawara*, 474 F.3d 565, 572 (9th Cir. 2007) (as amended). "A violation of Rule 8 requires reversal only if the misjoinder results in actual prejudice because it 'had substantial and injurious effect or influence in determining the jury's verdict.'" *United States v. Terry*, 911 F.2d 272, 277 (9th Cir. 1990) (quoting *United States v. Lane*, 474 U.S. 438, 449 (1986)) (as amended).

Quintero argues that his fentanyl-distribution charge was improperly joined with his firearm-possession charges and his maintaining-a-drug-premises charge. We disagree. Even assuming that the fentanyl-distribution and firearms charges were improperly joined, Quintero has not demonstrated that he suffered actual prejudice. *See United States v. Prigge*, 830 F.3d 1094, 1098 (9th Cir. 2016).

The evidence of Quintero's unlawful firearm possession was "overwhelming" (and barely disputed by Quintero), and we are confident that joinder did not impact the jury's verdict on those offenses. *See Lane*, 474 U.S. at 449–50. That leaves

whether the jury's verdict on the fentanyl-distribution charge was improperly influenced by hearing about Quintero's possession of firearms. This is a closer call, but we are ultimately persuaded that joinder of these charges also did not have a "substantial and injurious effect" on the jury's verdict on the drug-distribution charge. *See id.* While the evidence supporting the fentanyl-distribution count was *weaker* than the firearms evidence, it was not *weak. Cf. Jawara*, 474 F.3d at 580 (acknowledging the possibility of a "situation where prejudice might stem from a disparity of evidence—i.e., a weak case joined with a strong case"). There also would have been overlap in the evidence presented even if these offenses had been tried separately. One of the firearms charges required proof of drug activity, and the fentanyl-distribution investigation is how law enforcement uncovered the conduct that resulted in the remaining charges. *See Lane*, 474 U.S. at 450; *United States v. Anderson*, 741 F.3d 938, 949 (9th Cir. 2013) ("Other act evidence that is inextricably intertwined with a charged offense is independently admissible." (citation modified)). And to the extent evidence would not have been cross-admissible in separate trials, we are satisfied that "the differences in applicable statute[s], modes of operation, [and] evidence" make it likely that the jury "would have had no difficulty distinguishing between the charges and the evidence" in the joint trial. *Jawara*, 474 F.3d at 580. The district court also instructed the jury to "decide each count separately" and that the "verdict on one count should not control [the] verdict

on any other count." *See id.* (noting that such an instruction "militates against a finding of prejudice") (citation modified).

**3.** ***Other-Acts Evidence.*** Finally, Quintero asserts that the district court erred by admitting evidence that he previously trafficked cocaine and methamphetamines. We review a district court's decisions to admit evidence under Federal Rules of Evidence 404(b) and 403 for abuse of discretion.[2] *United States v. Jimenez-Chaidez*, 96 F.4th 1257, 1264 (9th Cir. 2024).

Rule 404(b) permits the admission of evidence of "any other crime, wrong, or act" for a non-propensity purpose "such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b). To determine whether evidence is admissible under 404(b), we apply a four-part test:

> (1) [the evidence] must tend to prove a material issue; (2) the prior acts must not be too remote in time; (3) there must be sufficient evidence for a reasonable jury to conclude that the defendant committed the prior acts; and (4) when used to show knowledge and intent, the prior acts must be sufficiently similar to the charged offense.

*Jimenez-Chaidez*, 96 F.4th at 1264. All evidence is also subject to Rule 403's

---

[2]The district court did not specify the grounds under which the evidence of prior trafficking was admitted. It merely stated that this evidence would "be admissible at trial under one of the three grounds the government [had] identified— direct evidence, inextricably intertwined with the drug-involved premises count, or as Rule 404(b) evidence." Because we determine the evidence was properly admitted under Rule 404(b), we do not address the parties' arguments about direct or inextricably intertwined evidence.

balancing test, which requires exclusion if the "probative value is substantially outweighed by a danger of . . . unfair prejudice." Fed. R. Evid. 403; *United States v. Carpenter*, 923 F.3d 1172, 1181 (9th Cir. 2019).

The district court did not abuse its discretion in admitting the challenged evidence.[3] As to the second and third elements for admissibility under Rule 404(b), Quintero does not dispute that he committed the other acts and they are not too remote in time. As to the remaining elements, the Government satisfied its obligation to "show a 'logical connection' between [Quintero's] knowledge obtained from commission of the prior acts and the knowledge at issue in the current case." *Jimenez-Chaidez*, 96 F.4th at 1265 (quoting *United States v. Rodriguez*, 880 F.3d 1151, 1167 (9th Cir. 2018)); *see also United States v. Vo*, 413 F.3d 1010, 1018 (9th Cir. 2005) ("When analyzing the similarity of prior drug crimes under Fed. R. Evid. 404(b), we look to the type of activity undertaken, rather than the precise identity of the drugs, as the relevant factor."). The "other acts" evidence tended to show that Quintero had a practice of distributing drugs that differed from how he advertised them, which supported an inference that he sold fentanyl to a customer despite representing it was cocaine. The probative value of this evidence was thus significant

---

[3]We decline to address Quintero's arguments on the Government's treatment of this evidence in its closing argument because, even if the prosecutor's statements invoked propensity, a challenge to a prosecutor's treatment of evidence in a closing argument is analytically distinct from the admissibility of that evidence. *See United States v. Brown*, 327 F.3d 867, 870–72 (9th Cir. 2003).

as the "main issue at trial," according to Quintero himself, was whether he sold the customer fentanyl (as the customer claimed) or cocaine (as he claimed). And any potential prejudice was likely cured by the court's instruction directing the jury not to consider these prior acts for propensity purposes. *See Vo*, 413 F.3d at 1017, 1019; *Jimenez-Chaidez*, 96 F.4th at 1266. On this record, we conclude that the district court did not abuse its discretion.

     **AFFIRMED.**